[Cite as *State ex rel. McKinney v. Defiance Cty. Court of Common Pleas,* 123 Ohio St.3d 153, 2009-Ohio-4693.]

THE STATE EX REL. MCKINNEY, APPELLANT, *v.*

DEFIANCE COUNTY COURT OF COMMON PLEAS, APPELLEE.

[Cite as *State ex rel. McKinney v. Defiance Cty. Court of Common Pleas,*

**123 Ohio St.3d 153, 2009-Ohio-4693.]**

*Mandamus — Adequate remedy in the ordinary course of law — Writ denied.*

(No. 2009-0523 ─ Submitted September 2, 2009 ─ Decided September 16, 2009.)

APPEAL from the Court of Appeals for Defiance County,

No. 4-09-01.

_____

**Per Curiam.**

{¶ 1} We affirm the judgment of the court of appeals dismissing the petition of appellant, Daniel P. McKinney, for a writ of mandamus to compel appellee, Defiance County Court of Common Pleas, to issue findings of fact and conclusions of law on the court's denial of his petition for postconviction relief. Mandamus will not issue to compel an act that has already been performed. *State ex rel. Madsen v. Foley Jones*, 106 Ohio St.3d 178, 2005-Ohio-4381, 833 N.E.2d 291, ¶ 11. The common pleas court issued the requisite findings of fact and conclusions of law in February 2005. McKinney had an adequate remedy at law by appeal from that judgment to raise his claim that the common pleas court erred in not reviewing a hearing transcript. And even if McKinney is correct that the clerk did not properly serve notice of the judgment on him, he is not entitled to the requested extraordinary relief in mandamus, because he had adequate remedies in the ordinary course of law by delayed appeal and a motion for relief from judgment to raise this claim. *State ex rel. Halder v. Fuerst*, 118 Ohio St.3d 142, 2008-Ohio-1968, 886 N.E.2d 849, ¶ 7. We also deny McKinney's motion to strike the common pleas court's brief.

Judgment affirmed.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

_____

Daniel McKinney, pro se.

Morris J. Murray, Defiance County Prosecuting Attorney, and Russell R. Herman, Assistant Prosecuting Attorney, for appellee.

_____