**DICKENS et al., Appellees,**

v.

**J & E CUSTOM HOMES, INC., Appellant.**

[Cite as *Dickens v. J & E Custom Homes, Inc.*, 187 Ohio App.3d 627, 2010-Ohio-2634.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 22968.

Decided June 11, 2010.

Jonathan Hollingsworth, for appellees.

John M. Ruffolo and Kevin C. Connell, for appellant.

GRADY, Judge.

{¶ 1} This case is before the court on a notice of appeal filed by J & E Custom Homes, Inc. ("J & E"), from a final order of the court of common pleas that disqualified the law firm of Freund, Freeze & Arnold from representing J & E in an action commenced by Duane and Norma Dickens. The Dickenses' complaint alleges breach of contract and related claims arising from J & E's construction of

their "dream home." Prior to commencement of their action, the Dickenses were represented in their dispute with J & E by attorney Scott Oxley of Jenks, Pyper & Oxley. Attorney Mark Engling was then employed as an associate of that firm, and he assisted Oxley in the firm's representation of the Dickenses in the matter. Engling has since left Jenks, Pyper & Oxley and is now employed as an associate of Freund, Freeze & Arnold.

{¶ 2} It is undisputed that Engling is personally disqualified pursuant to Prof.Cond.R. 1.9(a) from representing J & E in this action, because his former association with Jenks, Pyper & Oxley involved that firm's representation of Duane and Norma Dickens in the matter that their litigation with J & E involves. Prof.Cond.R. 1.10(c) imputes the basis for an attorney's personal disqualification to a firm with which the disqualified attorney subsequently becomes associated if the attorney had a "substantial responsibility" for the representation that the attorney or his former firm provided. The trial court found that Engling had had a substantial responsibility for the representation that Jenks, Pyper & Oxley had provided the Dickenses, and on that basis disqualified Freund, Freeze & Arnold from representing J & E in the action the Dickenses had filed.

{¶ 3} The trial court also expressed a concern that Engling could be called as a witness in the proceeding. Prof.Cond.R. 3.7 provides that an attorney shall not act as an advocate at a trial in which the lawyer is likely to be a necessary witness for his client, subject to certain exceptions. The prohibition would disqualify Engling from representing J & E in the action the Dickenses filed. However, that particular disqualification is not one imputed to other attorneys in a firm with which the disqualified lawyer is associated by Prof.Cond.R. 1.10(c).

{¶ 4} Prof.Cond.R. 1.10 was promulgated by the Supreme Court of Ohio pursuant to the authority conferred on that court by Section 2(B)(1)(g), Article IV of the Ohio Constitution, to regulate "the discipline of lawyers, and all other matters related to the practice of law." The Official Comment to Prof.Cond.R. 1.10(c) indicates that it is consistent with the holding in *Kala v. Aluminum Smelting & Refining Co., Inc.* (1998), 81 Ohio St.3d 1, 688 N.E.2d 258, concerning disqualification of a law firm when one of its members is personally disqualified because of a former representation. The specific standards for disqualification in Prof.Cond.R. 1.10 nevertheless supersede those announced in *Kala,* which are slightly different.

{¶ 5} *Kala* dealt for the most part with the considerations a court should give to an issue of disqualification of a law firm, but it also contains the following statement concerning the procedure the court must follow:

{¶ 6} "Finally, the court should hold an evidentiary hearing on a motion to disqualify and must issue findings of fact if requested based on the evidence presented. Because a request for disqualification implies a charge of unethical

conduct, the challenged firm must be given an opportunity to defend not only its relationship with the client, but also its good name, reputation, and ethical standards. In *Analytica*,[1] the Court of Appeals for the Seventh Circuit summarized the situation as follows:

{¶ 7} " '[A]n attorney's and/or a law firm's most valuable asset is their professional reputation for competence, and above all honesty and integrity, which should not be jeopardized in a summary type of disqualification proceeding of this nature. As court proceedings are matters of public record, a news media report concerning a summary disqualification order, based on a scant record of this type, can do irreparable harm to an attorney's or law firm's professional reputation. We must recognize that the great majority of lawyers, as officers of the court, do conduct themselves well within the bounds of the Code of Professional Responsibility.' *Analytica*, 708 F.2d at 1275." *Kala*, 81 Ohio St.3d at 12, 688 N.E.2d 258.

{¶ 8} The potential disqualification of Freund, Freeze & Arnold was first suggested by counsel for Duane and Norma Dickens, but the question proceeded on the court's own motion. The court took testimony from Engling and Oxley. The proceeding was held in camera, and the record of that proceeding was sealed. The magistrate recommended disqualification of Freund, Freeze & Arnold. J & E filed objections.

{¶ 9} J & E requested access to the sealed transcript in order to argue its objections to the magistrate's decision. The trial court denied that request. J & E was required to argue from findings of fact that the magistrate made. The trial court overruled the objections and adopted the magistrate's decision. J & E complains that it should have been given the access to the transcript it requested.

{¶ 10} The trial court did not explain its reasons for holding the hearing in camera and then sealing the record. We surmise that the court was concerned that attorney-client communications between the Dickenses and Oxley and Engling, which are privileged, might be revealed in an open and adversarial proceeding. But allowing Duane and Norma Dickens to participate would have let them invoke the attorney-client privilege. And allowing J & E to participate would have afforded Freund, Freeze & Arnold the opportunity to participate in the evidentiary hearing that *Kala* instructs a firm "must be given" when its disqualification is in issue. The Supreme Court did not reject or abandon those objectives when it adopted Prof.Cond.R. 1.10, based on its holding in *Kala*. Those objectives could have been achieved in this instance, and the issue better resolved, through an order requiring Freund, Freeze & Arnold to show cause

---

1. *Analytica, Inc. v. NPD Research, Inc.* (C.A.7, 1983), 708 F.2d 1263.

why it should not be disqualified pursuant to Prof.Cond.R. 1.10(c), instead of the procedure the court followed.

{¶ 11} The trial court erred when it disqualified Freund, Freeze & Arnold from representing J & E in the action the Dickenses filed, without having afforded Freund, Freeze & Arnold an opportunity to fully participate in the evidentiary hearing that resulted in the firm's disqualification. Our finding that the trial court erred requires us to reverse the disqualification order and remand the case for evidentiary proceedings on the application of Prof.Cond.R. 1.10 to the facts that are brought out, should the trial court wish to again consider the matter. The other assignments of error are therefore moot and need not be decided. App.R. 12(A)(1)(c).

Judgment reversed.

FAIN and FROELICH, JJ., concur.