[Cite as *State ex rel. Ford v. Adm. Judge of Cuyahoga Cty. Court of Common Pleas*, 2013-Ohio-4197.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 100053**

# STATE OF OHIO, EX REL.
# NATHAN FORD

RELATOR

vs.

# THE HONORABLE ADMINISTRATIVE JUDGE OF CUYAHOGA COUNTY COURT OF COMMON PLEAS

RESPONDENT

**JUDGMENT:**
WRIT DENIED

Writ of Mandamus
Motion No. 466805
Order No. 468319

**RELEASE DATE:**   September 23, 2013

**FOR RELATOR**

Nathan Ford, pro se
Inmate #513-816
Trumbull Correctional Institution
P.O. Box 901
Leavittsburg, Ohio   44430


**ATTORNEYS FOR RESPONDENT**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:   James E. Moss
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio   44113

SEAN C. GALLAGHER, J.:

{¶1} Ford seeks a writ of mandamus ordering "the administrative or current judge of Cuyahoga County Court of Common Pleas" to issue, pursuant to Civ.R. 58(B), notification of the judgment denying his motion to withdraw the plea of no contest on December 22, 2009. Ford maintains he filed the subject motion to withdraw in Cuyahoga C.P. No. CR-464709 but also identified Cuyahoga C.P. No. CR-469583 in the caption of his petition.[1] Respondent has moved for summary judgment on various grounds. Ford has not opposed respondent's motion for summary judgment, which we grant for the reasons that follow.

{¶2} The requisites for mandamus are well established: (1) the relator must establish a clear legal right to the requested relief; (2) the respondent must possess a clear

---

[1]The dockets reflect that Ford has filed numerous motions in each case to withdraw his no contest pleas. We note that this court has previously affirmed the trial court's denial of Ford's multiple motions to withdraw his no contest pleas. *E.g.*, *State v. Ford*, 8th Dist. Cuyahoga Nos. 88946 and 88947, 2007-Ohio-5722, ¶ 30 ("*Ford* I"); *State v. Ford*, 8th Dist. Cuyahoga No. 98049, 2012-Ohio-4597, ¶ 6, 10 ("*Ford* II") (determining that Ford's appeal from the denial of his successive motions to withdraw the no contest pleas as well as petition for postconviction relief that relied upon the same evidence and arguments offered in support of the second motion to withdraw the no contest plea were barred by res judicata). In *Ford* II, this court reviewed the records and explicitly addressed the December 2009 motion to withdraw the no contest plea (referred to therein as "the second motion to withdraw"). *Ford* II, ¶ 7-8. In *Ford* II, this court held that "the court lacked jurisdiction to consider the second motion to withdraw the no contest plea because that motion was filed after we affirmed Ford's no contest plea and conviction on direct appeal." *Id.* at ¶ 9. Further, the court found that Ford's "third motion to withdraw the no contest plea is identical in all material respects to the second motion to withdraw the no contest plea and the petition for postconviction relief. These issues have been previously adjudicated and are res judicata." *Id.*

legal duty to perform the requested relief; and (3) the relator does not possess nor possessed an adequate remedy at law. *State ex rel. Tran v. McGrath*, 78 Ohio St.3d 45, 676 N.E.2d 108 (1997).

{¶3} Ford cannot establish the requisite elements that would merit the issuance of a writ of mandamus.

{¶4} This original action concerns the trial court's December 22, 2009 judgment entry that denied Ford's motion to withdraw his no contest plea in Cuyahoga C.P. No. CR-464709-A. Ford has also designated Cuyahoga C.P. No. CR-469583 in his petition; however, the petition does not seek a writ of mandamus regarding any judgment in that case.[2] Accordingly, the petition must be denied with regard to case No. CR-469583 for that reason and is denied in case No. CR-464709-A for the reasons set forth below.

{¶5} Ford has failed to establish that the named respondent, i.e., the administrative judge, possesses a clear legal duty to provide notification of the subject criminal judgment pursuant to Civ.R. 58. Ford contends that Civ.R. 58(B) imposes a duty on the administrative judge to endorse direction to the clerk to serve notice of the trial court's December 22, 2009 denial of his motion to withdraw no contest plea. It does not.

{¶6} Civ.R. 58(B) applies to civil matters and provides:

---

[2]Ford may believe he filed the subject motion in both cases, but a review of the court records establishes that he did not.

When the court signs a judgment, the court shall endorse thereon a direction to the clerk to serve upon all parties not in default for failure to appear notice of the judgment and its date of entry upon the journal. Within three days of entering the judgment upon the journal, the clerk shall serve the parties in a manner prescribed by Civ.R. 5(B) note the service in the appearance docket. Upon serving the notice and notation of the service in the appearance docket, the service is complete. The failure of the clerk to serve notice does not affect the validity of the judgment or the running of the time for appeal except as provided in App.R. 4(A).

Cuyahoga C.P. No. CR-464709-A is currently assigned to Judge Robert McClelland, not the respondent judge. Accordingly, Ford has not named a proper respondent. Additionally, Civ.R. 58(B) applies to civil judgments and does not apply to criminal judgments. *See State v. Mayo,* 8th Dist. Cuyahoga No. 80216, 2002 Ohio App. LEXIS 2075 (Apr. 24, 2002). This court has held that the clerk of courts has no legal duty to provide service of criminal judgments pursuant to Civ.R. 58(B). *State ex rel. Daniels v. Fuerst,* 8th Dist. Cuyahoga No. 72192, 1997 Ohio App. LEXIS 2360 (May 29, 1997).[3] Therefore, neither the judge who signed the criminal judgment nor the judge who is presently assigned to the case had or has any legal duty to provide Civ.R. 58(B)

---

[3]In *Daniels*, this court found that the remedy for a purported failure to comply with Civ.R. 58(B) is to assert the timeliness of the appeal.

endorsement on that criminal judgment. Although Civ.R. 58(B) does not apply, Crim.R. 32(C) requires that "[t]he judge shall sign the judgment and the clerk shall enter it on the journal. A judgment is effective only when entered on the journal by the clerk." Ford does not contend that there was any violation or failure to comply with the requirements of Crim.R. 32(C). Further, App.R. 5(A) allows for delayed appeals in criminal cases, which is an adequate remedy in the ordinary course of the law. *State ex rel. Hayes v. Winkler*, 131 Ohio St.3d 66, 2011-Ohio-6046, 960 N.E.2d 954, citing *State ex rel. McKinney v. Defiance Cty. Court of Common Pleas*, 123 Ohio St.3d 153, 2009-Ohio-4693, 914 N.E.2d 1044, ¶ 1.

**{¶7}** Accordingly, we grant the motion for summary judgment filed by respondent. Relator to pay costs. It is further ordered that the Clerk of the Eighth District Court of Appeals serve notice of this judgment upon all parties as required by Civ.R. 58(B).

**{¶8}** Writ denied.

SEAN C. GALLAGHER, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR