[Cite as *Eyajan v. Eyajan*, 2017-Ohio-155.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| BEVERLY EYAJAN, | : | **MEMORANDUM OPINION** |
| Petitioner-Appellee, | : | |
| - vs - | : | **CASE NO. 2016-A-0071** |
| SHEILA EYAJAN, | : | |
| Respondent-Appellant. | : | |

Civil Appeal from the Ashtabula County Court of Common Pleas, Domestic Relations Division, Case No. 2016 DR 0174.

Judgment: Appeal dismissed.

*Davida J. Dodson*, Legal Aid Society of Cleveland, 121 East Walnut Street, Jefferson, OH 44047 (For Petitioner-Appellee).

*Sheila Eyajan*, pro se, 10106 Station Road, P.O. Box 790, Northeast, PA 16428 (Respondent-Appellant).

DIANE V. GRENDELL, J.

{¶1} Appellant, Sheila Eyajan, filed a pro se notice of appeal from a November 17, 2016 entry from the Ashtabula County Court of Common Pleas, Domestic Relations Division.

{¶2} The record in this matter reveals that on April 25, 2016, appellee, Beverly Eyajan, petitioned for a domestic violence civil protection order against appellant. An order of protection was issued, and appellant filed objections to it. In a judgment entry dated November 17, 2016, the trial court overruled appellant's objections and granted

appellee's petition for a domestic violence civil protection order. Appellant filed the instant appeal on December 22, 2016.

{¶3} App.R. 3(A) expressly states that the only jurisdictional requirement for the filing of a valid appeal is to file a notice of appeal within the time allowed by App.R. 4. The Supreme Court of Ohio has held that the failure to comply with the time requirements of App.R. 4(A) is a jurisdictional defect, which is fatal to an appeal. *In re H.F.*, 120 Ohio St.3d 499, 2008-Ohio-6810, ¶ 17, citing *State ex rel. Pendell v. Adams Cty. Bd. of Elections*, 40 Ohio St.3d 58, 60 (1988).

{¶4} App.R. 4(A)(1) states that, "[s]ubject to the provisions of App.R. 4(A)(3), a party who wishes to appeal from an order that is final upon its entry shall file the notice of appeal required by App.R. 3 within 30 days of that entry." Further, "[i]n a civil case, if the clerk has not completed service of the order within the three-day period prescribed in Civ.R. 58(B), the 30-day periods referenced in App.R. 4(A)(1) and 4(A)(2) begin to run on the date when the clerk actually completes service." App.R. 4(A)(3).

{¶5} Civ.R. 58(B) directs the clerk of courts to serve the parties with notice of the judgment within three days of entering the judgment upon the journal. If the Civ.R. 58(B) service does not occur within three days, the time to appeal does not begin to run until service is made and noted in the appearance docket. *Coles v. Lawyers Title Ins. Corp.*, 163 Ohio App.3d 659, 664, 2005-Ohio-5360.

{¶6} The record in this case clearly shows that the trial court issued its judgment entry granting the petition for civil protection order on November 17, 2016. On November 21, 2016, the clerk of courts noted on the appearance docket that copies of that order were mailed to the parties. Since service was not made on appellant within the three day period required in Civ.R. 58(B), the thirty day time period began to run on

2

the date service was made and noted on the docket, i.e. November 21, 2016. Accordingly, the deadline for appellant to file her notice of appeal was December 21, 2016, which was not a holiday or a weekend. Accordingly, appellant's December 22, 2016 notice of appeal from the November 17, 2016 entry was untimely.

{¶7} This court is not empowered to extend the time deadline in civil cases. *Pendell*, *supra*, at 60; *see also* App.R. 14(B).

{¶8} Based upon the foregoing, this appeal is hereby dismissed, sua sponte, pursuant to App.R. 4(A)(1).

{¶9} Appeal dismissed.


CYNTHIA WESTCOTT RICE, P.J.,

THOMAS R. WRIGHT, J.,

concur.

3