[Cite as *State v. Mitchell*, 2017-Ohio-8440.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | CASE NOS. 2017-P-0007<br>2017-P-0009 |
| JAMES E. MITCHELL, | : | |
| Defendant-Appellant. | : | |

Civil Appeals from the Portage County Court of Common Pleas.
Case No. 1993 CR 0294.

Judgment: Affirmed.

*Victor V. Vigluicci*, Portage County Prosecutor, and *Kristina Reilly*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*James E. Mitchell*, pro se, PID: A293-032, Marion Correctional Institution, P.O. Box 57, 940 Marion Williamsport Rd., Marion, OH 43302 (Defendant-Appellant).

TIMOTHY P. CANNON, J.

{¶1} Appellant, James E. Mitchell, appeals from the November 17, 2016 and January 30, 2017 judgments of the Portage County Court of Common Pleas. In its November 17, 2016 judgment the trial court denied appellant's pro se Petition for Postconviction Relief/Motion to Withdraw Plea. In its January 30, 2017 judgment the trial court denied appellant's pro se Motion for Appointed Counsel, Motion to Disqualify, Motion for Judgment upon Multiple Claims, Motion for Findings of Fact and Conclusions,

and Motion for Notice of Filing of Judgment(s).  For the following reasons, the judgments of the trial court are affirmed.

{¶2}   On February 3, 1994, appellant entered written pleas of guilty to one count of Burglary, an aggravated felony of the second degree, and one count of Gross Sexual Imposition, a felony of the third degree.  He filed a motion to withdraw his guilty pleas pursuant to Crim.R. 32.1 on June 1, 1994.  In the motion, appellant argued his pleas were not entered voluntarily due to the circumstances surrounding the entry of his pleas, including pressure and coercion from his family.  On June 28, 1994, the trial court held a hearing on appellant's motion and also held a sentencing hearing.  On June 29, 1994, the trial court denied appellant's motion and sentenced him to three to fifteen years in prison for Burglary and two years in prison for Gross Sexual Imposition, to be served concurrently.

{¶3}   Appellant filed an appeal on July 18, 1994.  His sole assignment of error challenged the denial of his presentence motion to withdraw his guilty pleas.  *State v. Mitchell*, 11th Dist. Portage No. 94-P-0070, 1995 WL 411830, *1 (June 23, 1995).  This court affirmed appellant's convictions.  *Id.* at *3.

{¶4}   On November 14, 2016, appellant filed a pro se Petition for Postconviction Relief/Motion to Withdraw Plea.  Appellant petitioned for postconviction relief pursuant to R.C. 2953.21, requesting the trial court vacate its judgment of conviction and sentence.  Appellant also requested the trial court permit him to withdraw his guilty pleas pursuant to Crim.R. 32.1.  Appellant requested an evidentiary hearing.  On November 17, 2016, the trial court entered judgment and summarily denied appellant's "Petition for Postconviction Relief/Motion to Withdraw Plea."

{¶5} On November 14, 2016, appellant also filed a Motion to Disqualify and a Motion for Appointment of Counsel. He requested the trial court disqualify the Portage County Prosecutor's Office from representing the state of Ohio during his postconviction proceeding.

{¶6} On January 13, 2017, appellant filed a "Motion for Judgment upon Multiple Claims Pursuant to Ohio Civil Rule 54(B); Motion for Findings of Fact and Conclusions of Law Pursuant to Ohio Revised Coded 2953.21(C); Motion for Notice of Filing of Judgment(s) Pursuant to Ohio Civil Rule 58(B) [sic]." Appellant asserted the trial court failed to issue findings of fact and conclusions of law when it denied the petition for postconviction relief portion of his November 14, 2016 motion; the trial court failed to rule on each of the claims presented in his Petition for Postconviction Relief/Motion to Withdraw Plea, pursuant to Civ.R. 54(B), because the trial court did not "squarely address" his motion to withdraw plea; and the clerk of courts failed to perfect service of the trial court's November 17, 2016 judgment, pursuant to Civ.R. 58(B). With regard to the clerk's failure to perfect service, appellant alleged he was not served with the November 17, 2016 judgment until he contacted the court seeking notification of any rulings. Appellant requested the trial court (1) "properly account for all of the evidence offered in support of his motion to withdraw guilty plea, to further consider the motion after accounting for all of the evidence, and to 'squarely address' the evidentiary issues"; (2) issue findings of fact and conclusions of law on his claims for postconviction relief; and (3) endorse the judgment with a direction to the clerk to serve appellant pursuant to Civ.R. 58(B). The trial court summarily denied this motion on January 30, 2017, as well as the Motion to Disqualify and the Motion for Appointment of Counsel.

{¶7} On February 3, 2017, appellant filed a notice of appeal from the trial court's November 17, 2016 judgment entry, and on February 22, 2017, appellant filed a notice of appeal from the trial court's January 30, 2017 judgment entry. On motion of appellant, the two appeals were consolidated.

{¶8} Appellant raises nine assignments of error on appeal. Appellant's first seven assignments of error pertain to the trial court's November 17, 2016 judgment entry. The remaining two assignments pertain to the trial court's January 30, 2017 judgment entry.

{¶9} Prior to addressing appellant's assignments of error, we first determine whether this court has jurisdiction to consider this appeal.

{¶10} Appellee, the state of Ohio, argues appellant's entire consolidated appeal is moot because he completed his 15-year Portage County prison sentence in 2009 and failed to show he suffers any collateral disability or loss of civil rights from his convictions. In response, appellant argues a petitioner for postconviction relief is not required to be in custody or under sentence to be entitled to relief.

{¶11} Appellee cites to *State v. Wilson*, 41 Ohio St.2d 236 (1975) in support of its argument. *Wilson* is inapplicable to the present case. In *Wilson*, the Supreme Court of Ohio held: "Where a defendant, convicted of a criminal offense, has voluntarily paid the fine or completed the sentence for that offense, an appeal is moot when no evidence is offered from which an inference can be drawn that the defendant will suffer some collateral disability or loss of civil rights from such judgment or conviction." *Id.* at syllabus. Subsequently, in *State v. Golston*, 71 Ohio St.3d 224 (1994), the Supreme Court narrowed the application of its holding in *Wilson* to appeals from misdemeanor

4

convictions. *Id.* at 227. "[A] convicted felon, who has completed his or her sentence during the pendency of an appeal from the felony conviction, need not present evidence that he or she will suffer some collateral legal disability or loss of civil rights in order to maintain the appeal." *Id.*

{¶12} The holding in *Golston* is not directly applicable to the present case because appellant did not complete his sentence during the pendency of his direct appeal. Appellant appeals the denial of a petition for postconviction relief he filed more than 22 years after he was originally convicted. However, a petitioner "does not have to be in custody or under sentence in order to seek postconviction relief in the form of vindication or removal of the stigma of a long sentence fully served." *State v. Turpin*, 19 Ohio App.2d 116 (5th Dist.1969), paragraph three of the syllabus; *see also State v. Sherrills*, 8th Dist. Cuyahoga No. 61882, 1992 WL 6060, *1 (Jan. 16, 1992), citing *Turpin, supra,* at 119. Accordingly, we conclude appellant's appeal from the trial court's denial of his postconviction petition is not moot.

{¶13} Appellee next argues appellant's first seven assignments of error are not properly before this court because his appeal from the trial court's November 17, 2016 judgment entry was untimely filed. Appellant argues his appeal from the November 17, 2016 judgment is timely because the clerk of courts failed to serve him with a copy of the judgment entry as required by Civ.R. 58(B).

{¶14} "Civ.R. 58(B) directs the clerk of courts to serve the parties with notice of the judgment within three days of entering judgment upon the journal. If Civ.R. 58(B) service does not occur within three days, the time to appeal does not begin to run until service is made and noted in the appearance docket." *Eyajan v. Eyajan*, 11th Dist.

5

Ashtabula No. 2016-A-0071, 2017-Ohio-155, ¶5, citing *Coles v. Lawyers Title Ins. Corp.*, 163 Ohio App.3d 659, 2005-Ohio-5360, ¶24 (6th Dist.). Service is complete when the clerk has (1) served the notice and (2) entered a "notation of the service in the appearance docket." Civ.R. 58(B).

{¶15} "The failure of the clerk to serve notice does not affect the validity of the judgment or the running of the time for appeal except as provided in App.R. 4(A)." *Id.* App.R. 4(A) provides, in pertinent part:

> (1) Subject to the provisions of App.R. 4(A)(3), a party who wishes to appeal from an order that is final upon its entry shall file the notice of appeal required by App.R. 3 within 30 days of that entry.
>
> * * *
>
> (3) In a civil case, if the clerk has not completed service of the order within the three-day period prescribed in Civ.R. 58(B), the 30-day [period] referenced in App.R. 4(A)(1) * * * [begins] to run on the date when the clerk actually completes service.

By its clear language, App.R. 4(A) "tolls the time period for filing a notice of appeal only if service is not made within the three-day period of Civ.R. 58(B)." *State ex rel. Hughes v. Celeste*, 67 Ohio St.3d 429, 431 (1993), *overruled on other grounds*, 141 Ohio St.3d 542, 2015-Ohio-241. "'The thirty-day time limit for filing the notice of appeal does not begin to run until the later of (1) entry of the judgment or order appealed if the notice mandated by Civ.R. 58(B) is served within three days of the entry of the judgment; or (2) service of the notice of judgment and its date of entry if service is not made on the party within the three-day period in Civ.R. 58(B).'" *In re Anderson*, 92 Ohio St.3d 63, 70-71 (2001), quoting *Whitehall ex rel. Fennessy v. Bambi Motel, Inc.*, 131 Ohio App.3d 734, 741 (10th Dist.1998). "Where the trial court never instructed the clerk to send notices to the parties

6

and where no notices were sent in compliance with Civ.R. 58(B), the appeal is deemed timely under App.R. 4(A)." *Whitehall, supra,* at 741 (citation omitted).

{¶16} Postconviction relief proceedings in Ohio are considered quasi-civil in nature. *State v. Nichols*, 11 Ohio St.3d 40, 41-42 (1984). The Ohio Rules of Civil Procedure generally apply to postconviction proceedings. *See State v. Biros*, 11th Dist. Trumbull No. 98-T-0051, 1999 WL 391090, *1 (May 28, 1999). Therefore, the requirements of Civ.R. 58(B) are applicable to the postconviction relief portion of the trial court's November 17, 2016 judgment entry.

{¶17} Appellant maintains he was not served with a copy of the trial court's November 17, 2016 judgment entry and did not receive a copy until after he wrote a letter to the clerk of courts requesting to be sent any trial court rulings. The November 17, 2016 judgment reflects the trial court never endorsed the judgment with "a direction to the clerk to serve upon all parties * * * notice of the judgment and its date of entry upon the journal" pursuant to Civ.R. 58(B). Further, upon review of the trial court docket, it is apparent the clerk of courts has not made a notation on the appearance docket reflecting appellant was served with the November 17, 2016 entry. Accordingly, the appeal from the November 17, 2016 judgment pertaining to appellant's petition for postconviction relief was timely filed.

{¶18} However, the portion of the trial court's November 17, 2016 entry denying appellant's post-sentence motion to withdraw his plea is clearly criminal in nature. Civ.R. 58(B) is inapplicable to that portion of the trial court's November 17, 2016 judgment. *See State ex rel. Ford v. Adm. Judge of Cuyahoga Cty. Court of Common Pleas*, 8th Dist. Cuyahoga No. 100053, 2013-Ohio-4197, ¶6 (internal citations omitted). ("Civ.R. 58(B)

7

applies to civil judgments and does not apply to criminal judgments. This court has held that the clerk of courts has no legal duty to provide service of criminal judgments pursuant to Civ.R. 58(B)."). "Further, App.R. 5(A) allows for delayed appeals in criminal cases, which is an adequate remedy in the ordinary course of the law." *Id.* (citations omitted). Appellant's appeal from the trial court's denial of his motion to withdraw plea is untimely because it was filed more than 30 days after the entry of judgment. *See* App.R. 4(A)(1). Appellant did not request a delayed appeal of the denial of his Crim.R. 32.1 motion pursuant to App.R. 5(A).

{¶19} Appellant's third and fourth assignments pertain to the trial court's denial of appellant's motion to withdraw plea, stating:

> [3.] The trial court abused its discretion when denying appellant's motion to withdraw plea[.]
>
> [4.] Trial court abuse it discretion when denying appellant's motion to withdraw plea when a manifest injustice exist. [sic]

{¶20} In the absence of a timely filed notice of appeal or motion for leave to file a delayed appeal from the trial court's denial of appellant's motion to withdraw plea, this court lacks jurisdiction to consider appellant's arguments with regard to the denial of that motion. *See, e.g., State v. Wilson*, 9th Dist. Summit No. 26238, 2012-Ohio-2890, ¶5. Therefore, we will not consider appellant's third and fourth assignments of error.

{¶21} In his first assignment of error, appellant raises a jurisdictional issue with regard to the trial court's November 17, 2016 judgment entry. The assignment of error states:

{¶22} "Trial court erred when it entered final judgment to fewer than all the claims or parties and didn't expressly state that there is no just reason to delay appeal on that judgment." [sic]

8

{¶23} Appellant maintains the trial court failed to rule on both his petition for postconviction relief and his motion to withdraw plea in its November 17, 2016 entry. The trial court's judgment entry states: "The court finds this matter came to the attention of the Court on Defendant's Pro Se Petition for Post conviction Relief/Motion to Withdraw Plea. IT IS HEREBY ORDERED the aforementioned motion is not well taken and hereby overruled." In overruling appellant's entire motion, the trial court addressed both the petition for postconviction relief and the motion to withdraw guilty plea, as both avenues for relief were clearly part of the same motion.

{¶24} Appellant's first assignment of error is without merit.

{¶25} Of appellant's remaining assignments of error, four pertain to the trial court's denial of his petition for postconviction relief. They state:

> [2.] The trial court erred in issuing insufficient findings of fact and conclusions of law in regard to appellant's petition for postconviction relief.
>
> [5.] The trial court erroneously concluded that appellant was not entitled to a hearing on any of his claims.
>
> [6.] The trial court erred in denying the merits of appellant's petition for postconviction relief.
>
> [7.] Trial court erred by dismissing appellant's petition for postconviction relief when convictions are not sustained by sufficient evidence and are contrary to law.

{¶26} Ohio's postconviction relief statute, R.C. 2953.21, provides, in part:

> (A)(1)(a) Any person who has been convicted of a criminal offense * * * and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside judgment or sentence or to grant other appropriate relief. The

9

petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief.

{¶27} R.C. 2953.21 was amended, effective September 21, 1995, to provide that a petition "shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication," or, if no appeal is taken, "no later than one hundred eighty days after the expiration of the time for filing the appeal." Former R.C. 2953.21(A)(2). Petitioners who were sentenced prior to the amendment were required to file their petition within one year from September 21, 1995, the effective date of the amendment. *State v. Moore*, 4th Dist. Pike No. 01CA674, 2002-Ohio-5748, ¶10, citing Section 3, Am.Sub.S.B. No. 4; 146 Ohio Laws, Part IV, 7826; *see also State v. Burke*, 10th Dist. Franklin No. 02AP-677, 2002-Ohio-6840, ¶6-8.

{¶28} When a petition is untimely, however, a petitioner may seek delayed relief pursuant to the exceptions listed in R.C. 2953.23. Where a petitioner fails to meet an exception listed in R.C. 2953.23, the trial court does not have jurisdiction to consider an untimely filed petition for postconviction relief. *State v. Hamilton*, 11th Dist. Lake No. 2010-L-001, 2010-Ohio-2292, ¶29; *see also State v. Skipper*, 7th Dist. Columbiana No. 2001 CO 20, 2002-Ohio-3008, ¶13; *State v. Cunningham*, 3d Dist. Allen No. 1-15-61, 2016-Ohio-3106, ¶13; and *State v. Chavis*, 10th Dist. Franklin No. 15AP-557, 2015-Ohio-5549, ¶14.

{¶29} R.C. 2953.23, provides, in pertinent part:

> (A) Whether a hearing is or is not held on a petition filed pursuant to [R.C. 2953.21], a court may not entertain a petition filed after the expiration of the period prescribed in [R.C. 2953.21(A)] * * * unless * * *:

10

(1) Both of the following apply:

(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in [R.C. 2953.21(A)(2)] or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.

(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted * * *.

{¶30} "A defendant is 'unavoidably prevented' from the discovery of facts if he had no knowledge of the existence of those facts and could not have learned of their existence within the time specified for filing his petition in the exercise of reasonable diligence." *State v. Holnapy*, 11th Dist. Lake No. 2013-L-002, 2013-Ohio-4307, ¶32, citing *State v. Sansom*, 2d Dist. Champaign No. 2009 CA 38, 2010-Ohio-1918, ¶9. ""Unavoidably prevented from discovering the facts" connotes more than simply being unaware of facts * * *.' The petitioner must demonstrate that the facts were unavailable and why." *State v. Peeples*, 4th Dist. Pickaway No. 98 CA 24, 1998 WL 975256, *2 (Dec. 30, 1998), quoting *State v. Martin*, 2d Dist. Montgomery No. 16958, 1998 WL 639096, *2 (Sept. 11, 1998).

{¶31} We review a trial court's determination on a petition for postconviction relief for an abuse of discretion. *State v. White*, 118 Ohio St.3d 12, 2008-Ohio-1623, ¶45, citing *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, ¶60. The term "abuse of discretion" implies the court's decision was arbitrary, unreasonable, or unconscionable. *State v. Adams*, 62 Ohio St.2d 151, 157 (1980).

11

{¶32} Under his sixth and seventh assignments of error, appellant argues the trial court erred in failing to consider the merits of his petition for postconviction relief and contends he was entitled to relief.

{¶33} Appellant does not contest that his petition for postconviction relief was untimely filed. Appellant maintains he has met the exception under R.C. 2953.23(A) because he was unavoidably prevented from discovering the facts upon which he relies to present his claims for relief.

{¶34} In his petition for postconviction relief, appellant argued the prosecutor suppressed exculpatory evidence, in violation of his Fourteenth Amendment rights. The evidence allegedly suppressed were a police report and the handwritten notes of a forensic scientist who had done testing in appellant's case. Appellant maintains his girlfriend obtained the handwritten notes through a public records request, and the police report was sent to him by an anonymous source. Although appellant argues he was unaware of the handwritten notes and police report, he does not contend this evidence was unavailable to him or explain why it was unavailable within the time specified for filing his postconviction petition. Appellant has failed to demonstrate he was unavoidably prevented from discovering this evidence.

{¶35} Appellant further challenged his convictions in his postconviction petition by arguing his guilty plea to Gross Sexual Imposition was not sustained by sufficient evidence and was contrary to Crim.R. 11. Appellant further argued his trial counsel was ineffective, in violation of his Sixth Amendment rights, for failing to raise the issue that his guilty plea to Gross Sexual Imposition was flawed and for failing to have the plea vacated. In support of his arguments, appellant references (1) the trial court's June 29, 1994

12

judgment entry of sentence, (2) appellant's written plea of guilty, (3) a copy of R.C. 2907.05, (4) a copy of R.C. 2911.12, and (5) a letter from his trial counsel to the Assistant Prosecutor, dated August 10, 1994. The trial court's judgment entry and appellant's written plea of guilty are both part of the record. This information was available to appellant within the specified time for filing his petition for postconviction relief. Appellant maintains his mother obtained the letter from appellant's trial counsel to the Assistant Prosecutor through a public records request in September 2013. However, appellant has failed to provide any explanation of why the letter was unavailable to him within the time specified for filing his postconviction petition. Appellant has failed to demonstrate he was unavoidably prevented from discovering the facts he relies upon to support these claims for relief.

{¶36} Appellant's petition for postconviction relief was untimely filed, and he has failed to demonstrate that he was unavoidably prevented from discovering the facts upon which he relies to support his claims for relief. Therefore, the trial court did not have jurisdiction to consider the merits of his petition.

{¶37} Appellant's sixth and seventh assignments of error are without merit.

{¶38} In his second assignment of error, appellant asserts the trial court was required to make findings of fact and conclusions of law in its judgment entry denying his petition for postconviction relief. Appellant maintains the trial court's failure to issue findings of fact and conclusions of law precluded him from receiving meaningful review of his postconviction petition and infringed on his due process rights. In his fifth assignment of error, appellant argues the trial court should have held a hearing on his petition for postconviction relief.

13

**{¶39}** R.C. 2953.21(D) and (H) require a trial court to make findings of fact and conclusions of law when dismissing an initial, timely-filed petition for postconviction relief. *See State v. Jackson*, 11th Dist. Trumbull No. 2013-T-0103, 2015-Ohio-7, ¶39, quoting *State ex rel. Carrion v. Harris*, 40 Ohio St.3d 19, 19 (1988) ("'[f]indings of fact and conclusions of law are mandatory under R.C. 2953.21 if the trial court dismisses the petition'"); *see also State v. Thomas*, 8th Dist. Cuyahoga No. 103784, 2016-Ohio-3327, ¶6. "The purpose of requiring findings of fact and conclusions of law is to inform the petitioner of the basis for the court's judgment and to facilitate meaningful appellate review." *Jackson*, *supra*, at ¶40, citing *Carrion, supra,* at 19, citing *State v. Mapson*, 1 Ohio St.3d 217, 219 (1982).

**{¶40}** The trial court is not required to issue findings of fact and conclusions of law, however, when it dismisses an untimely postconviction petition. *State ex rel. James v. Coyne*, 114 Ohio St.3d 45, 2007-Ohio-2716, ¶5, citing *State ex rel. Kimbrough v. Greene*, 98 Ohio St.3d 116, 2002-Ohio-7042, ¶6. "'This rule applies even when the defendant, as here, claims, under R.C. 2953.23, that he was unavoidably prevented from discovery of the facts to present his claim for post-conviction relief.'" *Id.*, quoting *State ex rel. Hach v. Summit Cty. Court of Common Pleas*, 102 Ohio St.3d 75, 2004-Ohio-1800, ¶9 (citation omitted).

**{¶41}** The trial court was not required to issue findings of facts and conclusions of law when it denied appellant's postconviction petition because it was untimely filed. Further, as we have determined the trial court did not have jurisdiction to consider the merits of appellant's petition, it was not required to hold a hearing on the petition. *See*

14

*State v. Sheets*, 4th Dist. Athens No. 03CA24, 2005-Ohio-803, ¶20; *see also State v. Dwyer*, 11th Dist. Lake No. 2002-L-043, 2003-Ohio-5225, ¶30.

**{¶42}** Appellant's second and fifth assignments of error are without merit.

**{¶43}** Appellant's eighth and ninth assignments of error relate to the trial court's January 30, 2017 judgment entry. They state:

> [8.] The trial court erred in denying appellant's motion to disqualify the Portage County Prosecutor's office since an actual conflict exists.
>
> [9.] Trial court erred when denying appellant's motion for notice of filing of judgment(s) pursuant to Ohio Civil Rule 58(B)[.]

**{¶44}** In his eighth assignment of error, appellant argues the trial court erred in denying his motion to disqualify the Portage County Prosecutor's Office from his postconviction proceedings. Appellant's trial counsel withdrew as counsel during the pendency of appellant's direct appeal when trial counsel accepted a position with the Portage County Prosecutor's Office. This court appointed new counsel to represent appellant during the appeal and addressed trial counsel's new position in our opinion affirming appellant's direct appeal. *See Mitchell, supra,* at *1, fn. 1. Appellant contends that because his former trial counsel accepted a position with the prosecutor's office, the entire Portage County Prosecutor's Office should have been disqualified from representing the state in appellant's postconviction proceedings, and a special prosecutor should have been appointed.

**{¶45}** Appellant cites to *Kala v. Aluminum Smelting & Refining Co., Inc.*, 81 Ohio St.3d 1 (1998), in which the Ohio Supreme Court held that a court must hold an evidentiary hearing and issue findings of fact when ruling on a motion for disqualification. *Id.* at syllabus. Pursuant to *Kala*, there is a presumption that appellant's former trial

15

counsel could have shared information with the prosecutor's office that may have been used against appellant in the present postconviction proceeding. *Id.* at 5. The hearing allows an opportunity for that presumption to be rebutted by showing "the new law firm erect[ed] adequate and timely screens[.]" *Id.* at syllabus; *see also State v. Wiles*, 126 Ohio App.3d 71, 83 (11th Dist.1998).

**{¶46}** This court recently acknowledged, however, that *Kala* has been superseded by the Ohio Rules of Professional Conduct. *NexGen Energy Partners, LLC, v. Reflecting Blue Tech., Inc.*, 11th Dist. Ashtabula No. 2016-A-0050, 2017-Ohio-5855, ¶28. "'The Official Comment to Prof.Cond.R. 1.10(c) indicates that it is consistent with the holding in [*Kala*] * * *. The specific standards for disqualification in Prof.Cond.R. 1.10 nevertheless supersede those announced in *Kala,* which are slightly different.'" *Id.* at ¶32, quoting *Dickens v. J & E Custom Homes, Inc.*, 187 Ohio App.3d 627, 2010-Ohio-2634, ¶4 (2d Dist.). Pursuant to Prof.Cond.R. 1.10, "a law firm can no longer avoid a conflict of interest by erecting a Chinese wall to quarantine an attorney in its form who switched sides after having substantial responsibility for representing an adverse party in the same action." *NexGen Energy*, *supra*, at ¶28.

**{¶47}** Nevertheless, based on the facts of this case, it is clear appellant's rights and interests in preserving confidentiality were not affected by the trial court's denial of appellant's motion to disqualify without holding a hearing. The events at issue occurred over 22 years ago, and it is unclear whether appellant's former trial counsel remains employed at the Portage County Prosecutor's office. Further, the prosecutor's office did not oppose appellant's petition for postconviction relief or any of the other motions appellant filed in the trial court that are the subject of this appeal. In addition, no hearings

16

took place where the prosecutor's office represented the state regarding appellant's petition or motions. Thus, even if information had been shared within the prosecutor's office, there was no opportunity to use it against appellant in the present proceedings.

{¶48} Appellant's eighth assignment of error is without merit.

{¶49} Under his ninth assignment of error, appellant maintains the trial court failed to include Civ.R. 58(B) language in its November 17, 2016, and January 30, 2017 judgment entries. As discussed above, this argument has merit to the extent that this court has jurisdiction to consider the trial court's denial of appellant's petition for postconviction relief in its November 17, 2016 judgment entry. Appellant's notice of appeal from the trial court's January 30, 2017 entry was timely filed, rendering that issue moot.

{¶50} For the foregoing reasons, the judgments of the Portage County Court of Common Pleas are affirmed.

CYNTHIA WESTCOTT RICE, P.J.,

THOMAS R. WRIGHT, J.,

concur.