[Cite as *State v. Michie*, 2025-Ohio-1672.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 25AP-299 |
| v. | : | (C.P.C. No. 17CR-4752) |
| Tyrone Michie, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on May 8, 2025

*Shayla D. Favor*, Prosecuting Attorney, and *Seth L. Gilbert*, for appellee.

*Tyrone Michie*, pro se.

ON MOTION FOR LEAVE TO FILE DELAYED APPEAL

BOGGS, J.

{¶ 1} Defendant-appellant, Tyrone Michie, moves this court pursuant to App.R. 5(A) for leave to file a delayed appeal of the January 27, 2025 decision and entry of the Franklin County Court of Common Pleas, which denied Michie's motions to withdraw his guilty plea, to vacate or set aside his sentence, and to strike and for summary judgment. The state has filed a memorandum in response, in which it defers to this court's determination whether Michie has provided a sufficient explanation to justify leave to file a delayed appeal.

{¶ 2} App.R. 5(A) permits a defendant in a criminal case to file a motion for leave to appeal after the expiration of the 30-day period prescribed in App.R. 4(A) for filing a notice of appeal as of right. A party seeking leave to file a delayed appeal under App.R. 5(A) bears the burden of demonstrating a reasonable explanation for the party's failure to perfect a timely appeal. *State v. Jordan*, 2023-Ohio-2402, ¶ 8 (10th Dist.), citing *State v. Morris*,

2005-Ohio-6479, ¶ 3 (10th Dist.). The decision to grant or deny a motion for leave to file a delayed appeal rests within the appellate court's sound discretion. *Id.*

{¶ 3} The trial court issued its decision and entry denying Michie's motions on January 27, 2025. Thus, to file a timely appeal under App.R. 4, Michie would have been required to file a notice of appeal on or before February 26, 2025. Michie did not file a timely notice of appeal, but instead filed a motion for leave to file a delayed appeal on March 27, 2025.

{¶ 4} Michie explains in his motion that he did not learn of the trial court's January 27, 2025 decision and entry until February 26, 2025, by which time he could not file a timely notice of appeal. He states that neither the trial court nor the clerk of courts served him with a copy of the trial court's decision and entry, and he submits a copy of the trial court's docket to show that it contains no indication of service by the clerk of courts. We agree with the state that Civ.R. 58(B), cited by Michie, does not apply to the trial court's decision denying Michie's motion to withdraw his guilty plea, because that motion and the trial court's decision were criminal in nature. *See State v. Mitchell*, 2017-Ohio-8440, ¶ 18. We also agree that, because Civ.R. 58(B) did not impose a legal duty on the clerk of courts to serve that criminal judgment on Michie, the mere absence of a notation of service on the docket is not dispositive.

{¶ 5} As the state points out in its response to Michie's motion, the trial court's decision and entry does state, "**Copies to all parties**" (emphasis in original), but there is no evidence in the record that either the trial judge or the clerk of courts mailed a copy of the decision and entry to Michie. The state acknowledges in its memorandum in response to Michie's motion for leave to file a delayed appeal that it has no way of verifying whether Michie received a copy of the trial court's decision and entry prior to the expiration of the 30-day period for filing a notice of appeal in App.R. 4. Nor can this court know the answer to that question with any certainty. In light of Michie's sworn statement that the trial court did not serve its decision and entry on him, the absence of any evidence refuting that statement, Michie's claim that he did not learn of the January 27, 2025 entry until February 26, 2025, after the state submitted it as evidence in another case, and Michie's filing of his motion for leave to file a delayed appeal within a reasonable period of 30 days after he claims he first learned of the trial court's decision and entry, we find that Michie

has provided a reasonable explanation for his failure to perfect a timely appeal, and we grant Michie's motion for leave to file a delayed appeal.

*Motion granted.*

MENTEL and LELAND, JJ., concur.

———————