**COLES et al., Appellants,**

v.

**LAWYERS TITLE INSURANCE CORPORATION, Appellee.**

[Cite as *Coles v. Lawyers Title Ins. Corp.*, 163 Ohio App.3d 659, 2005-Ohio-5360.]

Court of Appeals of Ohio,
Sixth District, Erie County.

No. E–05–063.

Decided Oct. 5, 2005.

</div>

660

D. Jeffery Rengel and Thomas R. Lucas, for appellants.

Darrell A. Clay, for appellee.

Per Curiam.

{¶ 1} Plaintiffs-appellants, Edwin M. Coles and others, have filed a motion to remand this case to the trial court for the purpose of ruling on a pending motion for relief from judgment pursuant to Civ.R. 60(B). Defendant-appellee, Lawyers Title Insurance Corporation, opposes the remand and moves the court for an order dismissing appellants' appeal, alleging that it was not timely filed. Appellants respond with a memorandum in opposition to appellee's motion to dismiss.

{¶ 2} We will first address the issue of timeliness of the appeal. The trial court judge in this case granted summary judgment to defendant, Lawyers Title, in a judgment entry signed and file-stamped on June 28, 2005. The judgment was entered on the court's journal on July 1, 2005. The appearance docket contains an entry dated July 18, 2005, which reads, "Copies of 'J.E.', filed on June 28, 2005, Sent regular Mail to D. Jeffery Rengel, Darrell A. Clay [the attorneys in this case]." On August 17, 2005, appellants filed a notice of appeal from the July 1, 2005 judgment. Appellee states that since the notice of appeal was filed more than 30 days after July 1, it was late, and the appeal should be dismissed. We disagree.

{¶ 3} App.R. 4 states:

{¶ 4} "(A) Time for appeal. A party shall file the notice of appeal required by App.R. 3 within thirty days of the later of entry of the judgment or order appealed or, in a civil case, service of the notice of judgment and its entry if service is not made on the party within the three day period in Rule 58(B) of the Ohio Rules of Civil Procedure.

{¶ 5} " * * *

{¶ 6} "(D) As used in this rule, 'entry' or 'entered' means when a judgment or order is entered under Civ.R. 58(A) or Crim.R. 32(C)."

{¶ 7} Civ.R. 58(B) states:

{¶ 8} "(B) Notice of filing. When the court signs a judgment, the court shall endorse thereon a direction to the clerk to serve upon all parties not in default for failure to appear notice of the judgment and its date of entry upon the journal. Within three days of *entering the judgment upon the journal, the clerk shall serve the parties in a manner prescribed by Civ.R. 5(B) and note the service in the appearance docket.* Upon serving the notice and notation of the service in the appearance docket, the service is complete. The failure of the clerk to serve notice does not affect the validity of the judgment or the running of the time for appeal except as provided in App.R. 4(A)." (Emphasis added.)

{¶ 9} It follows that the deadline for filing the notice of appeal in this case was 30 days from July 1, 2005 or, if Civ.R. 58(B) was not complied with by the clerk of court, 30 days from the date the clerk served appellants' counsel, in a manner prescribed by Civ.R. 5(B), with notice of the judgment and its entry on the journal and recordation of that service in the appearance docket. In this case, the appearance docket indicates service by regular mail on July 18, 2005. Appellee, however, states that service was accomplished within three days of June 28, 2005, when a copy of the judgment entry was placed in appellants' attorney's "courthouse mailbox."

{¶ 10} The basis of appellee's contention that service was accomplished within three days of June 28, 2005, is an affidavit of Beth A. Naufel, which states that (1) she is the civil bailiff for the Erie County Court of Common Pleas, (2) "local counsel" have individual mailboxes, set up by the clerk of courts, at the courthouse, (3) the clerk of courts timely puts all "notices, pleadings and entries" in the local counsel's mailboxes after they are filed, and (4) "to the best of [her] knowledge" the "court" placed a copy of the judgment entry granting defendant summary judgment in plaintiffs' counsel's courthouse mailbox within three days of June 28, 2005 [the date it was file-stamped].

{¶ 11} Appellee states that this procedure of placing the final judgment entry in appellants' counsel's courthouse mailbox is proper service pursuant to Civ.R. 5(B), which states:

{¶ 12} "Service: * * * Service upon the attorney or party shall be made by delivering a copy to the person to be served, transmitting it to the office of the person to be served by facsimile transmission, mailing it to the last known address of the person to be served or, if no address is known, leaving it with the clerk of the court. * * * 'Delivering a copy' within this rule means: handing it to the attorney or party; leaving it at the office of the person to be served with a clerk or other person in charge; if there is no one in charge, leaving it in a conspicuous place in the office; or, if the office is closed or the person to be served has no office, leaving it at the dwelling house or usual place of abode of the person to be served with some person of suitable age and discretion then

residing in the dwelling house or usual place of abode. Service by mail is complete upon mailing. Service by facsimile transmission is complete upon transmission."

{¶ 13} Appellee states that placing the judgment in the courthouse mailbox is:

{¶ 14} "[T]he functional equivalent of actual physical delivery to the attorney. * * * Placing papers in a mailbox reserved for the attorney, a mailbox as to which that attorney has knowledge, and as to which long-standing custom and usage in the county imposes the obligation to retrieve important papers from, accomplishes all the same goals as does actual physical delivery, while simultaneously freeing the Clerk of Court from the onerous obligation of physically handing the papers to counsel. * * * Leaving a copy of an entry in Counsel's attorney mailbox is also the functional equivalent of mailing it to that attorney's office * * *. [T]he mailbox in question is reserved for the exclusive use of delivering papers to counsel, much as a post office box at a United States post office accomplishes the same thing with regard to mail from other senders."

{¶ 15} The Fifth District Court of Appeals has addressed this issue in *Cole v. Motorists Mut. Ins. Co.* (Oct. 16, 1995), 5th Dist. No. 1995CA00066, 1995 WL 617610, where the court held, "Leaving the entry in the [courthouse] mailbox of Appellant's attorney is not a prescribed method of service required by Civ.R. 58(B) and 5(B)." We agree; nothing in Civ.R. 5(B) even suggests that the clerk carries out the duty of serving notice of a final judgment on a party's counsel by placing a copy of that judgment in a courthouse mailbox. We also agree with appellants' statement that a locked, numbered United States Post Office Box is "a far cry from an unlocked hanging file folder situated on the front desk of the Erie County Clerk's Office, which is readily visible by and accessible to any number of people who walk into the unlocked clerk's office on a daily basis." Further, we do not find that requiring the clerk of court to properly serve counsel with notice of final judgments is an "onerous obligation."

{¶ 16} Therefore, we find that Civ.R. 58(B) was not followed in this case and that leaving a copy of a final judgment entry in an attorney's "courthouse mailbox" is not service pursuant to Civ.R. 5(B). In this case, Civ.R. 5(B) service was accomplished by regular mail on July 18, 2005, and the notice of appeal was filed on August 17, 2005; therefore, the appeal is timely, and the motion to dismiss is denied.

{¶ 17} We are compelled to comment further on the procedure used by the clerk of court in this case, since we find that even if putting a copy of a final decision in an attorney's "courthouse mailbox" were proper Civ.R. 5(B) service, Civ.R. 58(B) requires more. Several formalities must be observed when a judge enters a final judgment, and unless these formalities are followed, the parties are

denied due process. See *Atkinson v. Grumman Ohio Corp.* (1988), 37 Ohio St.3d 80, 86, 523 N.E.2d 851, where the court states:

{¶ 18} "These rules are to be applied in all courts of this state in the exercise of civil jurisdiction at law, or in equity, except as stated in Civ.R. 1(C). The rules are:

{¶ 19} "A. Within three days of the entry of any final appealable judgment or order, the clerk of courts shall serve a notice of the entry in any manner provided in Civ.R. 5, upon every party who is not in default for failure to appear.

{¶ 20} "B. The clerk shall make a notation in the case docket indicating that the required service has been made.

{¶ 21} "C. Once the clerk has served notice of the entry and entered the appropriate notation in the docket, the notice shall be deemed to have been served. The failure of any party to receive such notice shall not affect the validity of the judgment or the running of the time for appeal."

{¶ 22} In the instant case, few of these formalities were observed. Initially, Civ.R. 58(B) requires that when the court signs a judgment,[1] the judge "shall endorse thereon a direction to the clerk to serve upon all parties not in default for failure to appear notice of the judgment and its date of entry upon the journal." The final entry in this case does not contain such an endorsement, the purpose of which is to notify the clerk of courts that the judge considers the decision to be an appealable order pursuant to R.C. 2505.02 and which must be entered upon the court's journal within 30 days pursuant to Sup.R. 7(A), which states:

{¶ 23} "The judgment entry specified in Civil Rule 58 and in Criminal Rule 32 shall be filed and journalized within thirty days of the verdict, decree, or decision."

{¶ 24} Once a judgment has been journalized, the clerk of court is required, within three days, to notify "all parties not in default for failure to appear" that a final judgment has been entered and to advise them of the date that the final judgment was entered upon the court's journal.[2] Finally, the clerk must note in the appearance docket the date that the notice was given. If the Civ.R. 58(B) service does not occur within three days, the time to appeal does not begin to run until service is made and noted in the appearance docket.

---

**1.** "Judgment" is defined in Civ.R. 54(A) as "a decree and any order from which an appeal lies as provided in Section 2505.02 of the Revised Code."

**2.** We note that the clerk is not required to serve a copy of the final judgment entry on the parties, but need only serve them with notice that the judgment has been entered upon the journal and advise them of the date of that entry.

{¶ 25} In this case, the clerk apparently left a copy of the final judgment in the attorneys' courthouse mailbox prior to the date that judgment was entered on the journal. Even if the courthouse mailbox delivery were proper service, the notice would be defective because it does not serve to inform the parties of when the time to file a notice of appeal begins to run. App.R. 4. In addition, even if leaving a copy of the decision in the courthouse mailbox had been adequate service, there is no notation in the appearance docket as to when that was done, as required by Civ.R. 58.

{¶ 26} Finally, we note that the court's appearance docket in this case has an incorrect entry. The following entry dated June 28, 2005, reads:

{¶ 27} "J.E. filed. Deft., Lawyers Title Insurance Corp.'s Motion for Summary Judgment is GRANTED. Pltfs' claims against Lawyers Title Insurance Company are DISMISSED with prejudice at pltfs.' Costs. 494–508–494."

{¶ 28} The final judgment signed by the judge contains the following notation at the bottom: "J494/508 7–1–05," which we assume means that the judgment was journalized at book 494, page 508 on July 1, 2005, not on June 28, 2005. This contradiction between the appearance docket and the actual judgment entry as to the date the judgment was entered in the journal is problematic to the parties and the appellate court, who are all charged with the duty of determining when a notice of appeal has been timely filed. The appearance docket should indicate the actual date of journalization.

{¶ 29} Turning to appellants' motion to remand this case to the trial court so it can rule on the pending Civ.R. 60(B) motion, the Supreme Court of Ohio has held, in *Howard v. Catholic Social Serv. of Cuyahoga Cty., Inc.* (1994), 70 Ohio St.3d 141, 147, 637 N.E.2d 890, that "an appeal divests trial courts of jurisdiction to consider Civ.R. 60(B) motions for relief from judgment." See, also, *Majnaric v. Majnaric* (1975), 46 Ohio App.2d 157, 75 O.O.2d 250, 347 N.E.2d 552, where the court states:

{¶ 30} "Where a motion to vacate a judgment is pending in the trial court and an appeal is also pending from the same judgment, the appellant may move the appellate court, for good cause, to remand the matter to the trial court for a hearing on the motion to vacate. Sustaining such a motion will not divest the appellate court of jurisdiction to hear the pending appeal if it is not rendered moot by the hearing on the motion to vacate." Id. at paragraph two of the syllabus.

{¶ 31} We find the motion to remand well taken, and it is granted. The court remands this case to the Erie County Court of Common Pleas for a period of 30 days from the date of this decision and judgment entry for the purpose of allowing that court to rule on the pending Civ.R. 60(B) motion. The proceedings

in this court are stayed until further order of the court. The clerk of the Erie County Court of Common Pleas shall notify this court when the trial court judge has ruled on the Civ.R. 60(B) motion. It is so ordered.

Judgment accordingly.

SINGER, P.J., HANDWORK and PARISH, JJ., concur.