[Cite as *Bridges v. King*, 2018-Ohio-1025.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**ASHTABULA COUNTY, OHIO**

| | | |
|---|---|---|
| ANDREY BRIDGES, | : | **MEMORANDUM OPINION** |
| Plaintiff-Appellant, | : | |
| - vs - | : | **CASE NO. 2017-A-0086** |
| MRS. KING, ASSISTANT WARDEN, et al., | : | |
| Defendants-Appellees. | : | |

Civil Appeal from the Ashtabula County Court of Common Pleas, Case No. 2017 CV 0300.

Judgment: Appeal dismissed.

*Andrey Bridges*, pro se, PID #A650-493, Lake Erie Correctional Institution, P.O. Box 8000, 501 Thompson Road, Conneaut, OH 44030 (Plaintiff-Appellant).

*Mike* DeWine, Ohio Attorney General, 30 East Broad Street, 16th Floor, Columbus, OH, 43215-3428, *Byron Turner*, Assistant Attorney General, 150 East Gay Street, 16th Floor, Columbus, OH, 43215, *Timothy Bojanowski*, Struck Love Bojanowski & Acedo, PLC, 3100 W. Ray Road, Suite 300, Chandler, AZ 85226 (For Defendants-Appellees).

CYNTHIA WESTCOTT RICE, J.

{¶1} On November 30, 2017, appellant, Andrey Bridges, filed a pro se notice of appeal from an October 30, 2017 entry from the Ashtabula County Court of Common Pleas.

{¶2} Appellees filed a motion to dismiss the appeal because the notice of appeal was filed untimely. Appellant filed an "Objection" to the motion to dismiss.

{¶3} App.R. 3(A) expressly states that the only jurisdictional requirement for the filing of a valid appeal is to file a notice of appeal within the time allowed by App.R. 4. The Supreme Court of Ohio has held that the failure to comply with the time requirements of App.R. 4(A) is a jurisdictional defect, which is fatal to an appeal. *In re H.F.*, 120 Ohio St.3d 499, 2008-Ohio-6810, ¶ 17, citing *State ex rel. Pendell v. Adams Cty. Bd. of Elections*, 40 Ohio St.3d 58, 60 (1988).

{¶4} App.R. 4(A)(1) states that, "[s]ubject to the provisions of App.R. 4(A)(3), a party who wishes to appeal from an order that is final upon its entry shall file the notice of appeal required by App.R. 3 within 30 days of that entry." Further, "[i]n a civil case, if the clerk has not completed service of the order within the three-day period prescribed in Civ.R. 58(B), the 30-day periods referenced in App.R. 4(A)(1) and 4(A)(2) begin to run on the date when the clerk actually completes service." App.R. 4(A)(3).

{¶5} Civ.R. 58(B) directs the clerk of courts to serve the parties with notice of the judgment within three days of entering the judgment upon the journal. If the Civ.R. 58(B) service does not occur within three days, the time to appeal does not begin to run until service is made and noted in the appearance docket. *Coles v. Lawyers Title Ins. Corp.*, 163 Ohio App.3d 659, 664, 2005-Ohio-5360.

{¶6} The record in this case clearly shows that the trial court issued its judgment entry on October 30, 2017. On that same date, the clerk of courts noted on the appearance docket that copies of that order were mailed to the parties. Since service was made on appellant within the three-day period required in Civ.R. 58(B), the thirty-day time period began to run on the date of entry of judgment, i.e. October 30, 2017. Thus, the deadline for appellant to file an of appeal was November 29, 2017,

2

which was not a holiday or a weekend. Accordingly, appellant's November 30, 2017 notice of appeal was untimely.

{¶7} This court is not empowered to extend the time deadline in civil cases. *Pendell*, *supra*, at 60; *see also* App.R. 14(B).

{¶8} Based upon the foregoing, appellees' motion to dismiss the appeal is hereby granted, and this appeal is dismissed pursuant to App.R. 4(A)(1).

{¶9} Appeal dismissed.


DIANE V. GRENDELL, J.,

TIMOTHY P. CANNON, J.,

concur.