[Cite as *Belt v. Belt*, 2018-Ohio-1214.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**PORTAGE COUNTY, OHIO**

| | | |
|---|---|---|
| TAMMY LEE BELT, n.k.a. TAMMY LEE WENDOLOWSKI, | : | **MEMORANDUM OPINION** |
| | : | |
| Plaintiff-Appellee, | : | **CASE NO. 2018-P-0012** |
| | : | |
| - vs - | : | |
| | : | |
| GEORGE CALVIN BELT, | : | |
| Defendant-Appellant. | : | |

Civil Appeal from the Portage County Court of Common Pleas, Domestic Relations Division, Case No. 1986 CV 01372.

Judgment: Appeal dismissed.

*David P. Bertsch*, Stark & Knoll Co., L.P.A., 3475 Ridgewood Road, Akron, OH 44333 (For Plaintiff-Appellee).

*George Calvin Belt*, pro se, 1527 Parsons Road, Lot 27, Kissimmee, FL 34744 (Defendant-Appellant).

THOMAS R. WRIGHT, P.J.

{¶1} Appellant, George Calvin Belt, filed a pro se appeal from an entry of the Portage County Court of Common Pleas, Domestic Relations Division.

{¶2} App.R. 3(A) expressly states that the only jurisdictional requirement for filing a valid appeal is to file it within the time allowed by App.R. 4. The Supreme Court of Ohio has held that the failure to comply with the time requirements of App.R. 4(A) is a jurisdictional defect, which is fatal to an appeal. *In re H.F.,* 120 Ohio St.3d 499, 2008-

Ohio-6810, ¶ 17, citing *State ex rel. Pendell v. Adams Cty. Bd. of Elections*, 40 Ohio St.3d 58, 60 (1988).

{¶3}   "Subject to the provisions of App.R. 4(A)(3), a party who wishes to appeal from an order that is final upon its entry shall file the notice of appeal required by App.R. 3 within 30 days of that entry."  *See* App.R. 4(A)(1).  Civ.R. 58(B) directs the clerk of courts to serve the parties with notice of the entry within three days of entering the judgment upon the journal.  If Civ.R. 58(B) service does not occur within three days, the time to appeal does not begin to run until service is made and noted in the appearance docket. *Coles v. Lawyers Title Ins. Corp.*, 163 Ohio App.3d 659, 664, 2005-Ohio-5360.

{¶4}   Here, the record shows the trial court issued its entry on December 29, 2017.  The clerk of courts noted on the appearance docket that copies were mailed to the parties on January 4, 2018. Since service was not made on appellant within the three-day period required in Civ.R. 58(B), the thirty-day time period began to run on the date service was made and noted on the docket, i.e. January 4, 2018.  The deadline for appellant to file his notice of appeal was February 5, 2018, which was not a holiday or a weekend.  Thus, appellant's February 9, 2018 notice of appeal was untimely filed.

{¶5}   This court is not empowered to extend the time deadline in civil cases. *Pendell*, *supra*, at 60; *see also* App.R. 14(B).

{¶6}   Based upon the foregoing, this appeal is hereby sua sponte dismissed pursuant to App.R. 4(A)(1).


DIANE V. GRENDELL, J., concurs,

COLLEEN MARY O'TOOLE, J., concurs in judgment only.


2