[Cite as *Cunningham v. Fisher*, 2018-Ohio-1675.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**PORTAGE COUNTY, OHIO**

| | | |
|---|---|---|
| SHARYLL CUNNINGHAM, et al., | : | **MEMORANDUM OPINION** |
| Plaintiff-Appellant, | : | |
| - vs - | : | **CASE NO. 2017-P-0077** |
| BAILIFF LOU ANN FISHER, et al., | : | |
| Defendants-Appellees. | : | |

Civil Appeal from the Portage County Municipal Court, Ravenna Division, Case No. 2017 CVF 1668 R.

Judgment: Appeal dismissed.

*Sharyll Cunningham*, pro se, P.O. Box 2501, Akron, OH 44309 (Plaintiff-Appellant).

*Erik Jones*, 137 South Main Street, Suite 102, Akron, OH 44308 (For Defendant-Appellee, Attorney Erik E. Jones).

*Allison Manayan*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266, and *Tami Hannon*, Mazanec, Raskin, Ryder & Keller Co., LPA, 100 Franklin's Row, 34305 Solon Road, Solon, OH 44139 (For Defendant-Appellee, Bailiff Lou Ann Fisher).

CYNTHIA WESTCOTT RICE, J.

{¶1} On October 27, 2017, appellant, Sharyll Cunningham, filed a pro se appeal from an entry of the Portage County Municipal Court, Ravenna Division.

{¶2} Appellee, Bailiff Lou Ann Fisher, through counsel, filed a motion to dismiss the appeal as untimely. Appellee, Erik E. Jones, also filed a motion to dismiss the appeal. In their motions, appellees contend that the trial court judge issued a judgment

entry dismissing the case on September 11, 2017. On September 26, 2017, appellant filed "Objections to Magistrate's Findings." The trial court judge issued an entry on September 27, 2017, stating that since there was "no Magistrate involved, the objection is not properly filed and will not be considered." Appellees posit that appellant should have filed her appeal from the September 11, 2017 entry, and therefore, the October 27, 2017 notice of appeal is untimely filed.

{¶3} Appellant filed a response to appellees' motions to dismiss.

{¶4} App.R. 3(A) expressly states that the only jurisdictional requirement for filing a valid appeal is to file it within the time allowed by App.R. 4. The Supreme Court of Ohio has held that the failure to comply with the time requirements of App.R. 4(A) is a jurisdictional defect, which is fatal to an appeal. *In re H.F.*, 120 Ohio St.3d 499, 2008-Ohio-6810, ¶ 17, citing *State ex rel. Pendell v. Adams Cty. Bd. of Elections*, 40 Ohio St.3d 58, 60 (1988).

{¶5} "Subject to the provisions of App.R. 4(A)(3), a party who wishes to appeal from an order that is final upon its entry shall file the notice of appeal required by App.R. 3 within 30 days of that entry." *See* App.R. 4(A)(1). Civ.R. 58(B) directs the clerk of courts to serve the parties with notice of the entry within three days of entering the judgment upon the journal. If Civ.R. 58(B) service does not occur within three days, the time to appeal does not begin to run until service is made and noted in the appearance docket. *Coles v. Lawyers Title Ins. Corp.*, 163 Ohio App.3d 659, 664, 2005-Ohio-5360.

{¶6} Here, the record shows the trial court issued its entry on September 11, 2017, dismissing the case. The clerk of courts noted on the appearance docket that copies were mailed to the parties on September 12, 2017. Since service was made on appellant within the three-day period required in Civ.R. 58(B), the thirty-day time period

2

began to run on the date of entry of judgment, i.e. September 11, 2017. Thus, the deadline for appellant to file her notice of appeal was October 11, 2017, which was not a holiday or a weekend.

{¶7} The September 27, 2017 entry merely indicated that the court would not consider the objections filed by appellant since there were no magistrate's findings. That entry did not extend the time to file the notice of appeal. Appellant should have filed her notice of appeal from the September 11, 2017 entry by October 11, 2017. Accordingly, appellant's October 27, 2017 notice of appeal from the September 11, 2017 entry was untimely.

{¶8} This court is not empowered to extend the time deadline in civil cases. *Pendell*, *supra*, at 60; *see also* App.R. 14(B).

{¶9} Based upon the foregoing, appellees' motions to dismiss are granted and this appeal is hereby dismissed pursuant to App.R. 4(A)(1).

THOMAS R. WRIGHT, P.J., concurs,

COLLEEN MARY O'TOOLE, J., concurs in judgment only.