[Cite as *Discover Bank v. Bruckman*, 2018-Ohio-2449.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| DISCOVER BANK, | : | **MEMORANDUM OPINION** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2018-A-0040** |
| NICOLE BRUCKMAN, | : | |
| Defendant-Appellant. | : | |

Civil Appeal from the Ashtabula Municipal Court, Case No. 2017 CVF 00151.

Judgment:  Appeal dismissed.

*David A. Head*, Weltman Weinberg & Reis Co., LPA, 323 West Cleveland Avenue, Suite 200, Cleveland, OH  44101 (For Plaintiff-Appellee).

*Mark A. Kaiser*, P.O. Box 702, Geneva, OH 44041 (For Defendant-Appellant).


THOMAS R. WRIGHT, P.J.

{¶1}   Appellant, Nicole Bruckman, through counsel, filed an appeal from an entry of the Ashtabula Municipal Court.

{¶2}   App.R. 3(A) expressly states that the only jurisdictional requirement for filing a valid appeal is to file it within the time allowed by App.R. 4.  The Supreme Court of Ohio has held that the failure to comply with the time requirements of App.R. 4(A) is a jurisdictional defect, which is fatal to an appeal.  *In re H.F.*, 120 Ohio St.3d 499, 2008-Ohio-6810, ¶ 17, citing *State ex rel. Pendell v. Adams Cty. Bd. of Elections*, 40 Ohio St.3d 58, 60 (1988).

{¶3}    "Subject to the provisions of App.R. 4(A)(3), a party who wishes to appeal from an order that is final upon its entry shall file the notice of appeal required by App.R. 3 within 30 days of that entry."  *See* App.R. 4(A)(1).  Civ.R. 58(B) directs the clerk of courts to serve the parties with notice of the entry within three days of entering the judgment upon the journal.  If Civ.R. 58(B) service does not occur within three days, the time to appeal does not begin to run until service is made and noted in the appearance docket. *Coles v. Lawyers Title Ins. Corp.*, 163 Ohio App.3d 659, 664, 2005-Ohio-5360.

{¶4}    Here, the record shows the trial court issued its entry on March 26, 2018. On that same date, the clerk of courts noted on the appearance docket that copies of that order were mailed to the parties.  Since service was made on appellant within the three-day period required in Civ.R. 58(B), the thirty-day time period began to run on the date of entry of judgment, i.e. March 26, 2018.  The deadline for appellant to file an of appeal was April 25, 2018, which was not a holiday or a weekend.  Accordingly, appellant's April 27, 2018 notice of appeal was untimely.

{¶5}    This court is not empowered to extend the time deadline in civil cases. *Pendell*, *supra*, at 60; *see also* App.R. 14(B).

{¶6}    Based upon the foregoing, this appeal is hereby sua sponte dismissed pursuant to App.R. 4(A)(1).


DIANE V. GRENDELL, J., concurs,

COLLEEN MARY O'TOOLE, J., concurs in judgment only.

2