[Cite as *Citimortgage, Inc. v. Elrod*, 2018-Ohio-2824.]

## IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| CITIMORTGAGE, INC., | : | **MEMORANDUM OPINION** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2018-P-0038** |
| DOUGLAS E. ELROD, et al., | : | |
| Defendant-Appellant. | : | |

Civil Appeal from the Court of Common Pleas, Case No. 2014 CV 00154.

Judgment: Appeal dismissed.

*Dean K. Hegyes* and *Peter L. Mehler*, Reimer Law Co., 30455 Solon Road, Solon, OH 44139, *Harry W. Cappel*, Graydon Head Ritchey LLP, 312 Walnut Street, Suite 1800, Cincinnati, OH 45202 and *Stacy A. Cole*, Graydon Head Ritchey LLP, 2400 Chamber Center Drive, Suite 300, Ft. Mitchell, KY 41017 (For Plaintiff-Appellee).

*David N. Patterson*, 30432 Euclid Avenue, #101, Wickliffe, OH 44092 (For Defendant-Appellant).

DIANE V. GRENDELL, J.

{¶1} Appellant, Douglas E. Elrod, through counsel, filed an appeal from an entry of the Portage County Court of Common Pleas.

{¶2} On June 12, 2018, appellee filed a motion to dismiss the appeal because the appeal was not timely filed. Appellant has filed no memorandum in opposition.

{¶3} App.R. 3(A) expressly states that the only jurisdictional requirement for filing a valid appeal is to file it within the time allowed by App.R. 4. The Supreme Court of Ohio has held that the failure to comply with the time requirements of App.R. 4(A) is a

jurisdictional defect, which is fatal to an appeal. *In re H.F.*, 120 Ohio St.3d 499, 2008-Ohio-6810, ¶ 17, citing *State ex rel. Pendell v. Adams Cty. Bd. of Elections*, 40 Ohio St.3d 58, 60 (1988).

**{¶4}** "Subject to the provisions of App.R. 4(A)(3), a party who wishes to appeal from an order that is final upon its entry shall file the notice of appeal required by App.R. 3 within 30 days of that entry." *See* App.R. 4(A)(1). Civ.R. 58(B) directs the clerk of courts to serve the parties with notice of the entry within three days of entering the judgment upon the journal. If Civ.R. 58(B) service does not occur within three days, the time to appeal does not begin to run until service is made and noted in the appearance docket. *Coles v. Lawyers Title Ins. Corp.*, 163 Ohio App.3d 659, 664, 2005-Ohio-5360.

**{¶5}** Here, the record shows the trial court issued its entry on April 2, 2018, confirming the sale of the property and ordering the distribution of funds. The clerk of courts noted on the appearance docket that copies were mailed to the parties on April 4, 2018. Since service was made on appellant within the three-day period required in Civ.R. 58(B), the thirty-day period began to run on the date of entry of judgment, i.e. April 2, 2018. The deadline for appellant to file his appeal was May 2, 2018, which was not a holiday or a weekend. Thus, appellant's May 17, 2018 notice of appeal was untimely filed.

**{¶6}** This court is not empowered to extend the time deadline in civil cases. *Pendell*, *supra*, at 60; *see also* App.R. 14(B).

**{¶7}** Based upon the foregoing, appellee's motion to dismiss is granted and this appeal is hereby dismissed pursuant to App.R. 4(A)(1).


CYNTHIA WESTCOTT RICE, J.,
COLLEEN MARY O'TOOLE, J., concur.

2