[Cite as *McGann v. Altiere*, 2018-Ohio-2891.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| SEAN MCGANN, | : | **MEMORANDUM OPINION** |
| Plaintiff-Appellant, | : | |
| - vs - | : | **CASE NO. 2018-T-0038** |
| THOMAS ALTIERE, et al., | : | |
| Defendants-Appellees. | : | |

Civil Appeal from the Court of Common Pleas, Case No. 2017 CV 01136.

Judgment:  Appeal dismissed.

*Michael A. Scala*, 244 Seneca Avenue, N.E., Warren, OH  44481 (For Plaintiff-Appellant).

*Todd M. Raskin, Frank M. Scialdone,* and *Christina M. Nicholas*, Mazanec, Raskin & Ryder Co., L.P.A., 100 Franklin's Row, 34305 Solon Road, Cleveland, OH 44139 (For Defendants-Appellees).

CYNTHIA WESTCOTT RICE, J.

{¶1}    Appellant, Sean McGann, through counsel, filed an appeal from an entry of the Trumbull County Court of Common Pleas.

{¶2}    On May 10, 2018, appellees filed a motion to dismiss the appeal because the appeal was not timely filed.  No memorandum in opposition has been filed.

{¶3}    App.R. 3(A) expressly states that the only jurisdictional requirement for filing a valid appeal is to file it within the time allowed by App.R. 4.  The Supreme Court of Ohio has held that the failure to comply with the time requirements of App.R. 4(A) is a jurisdictional defect, which is fatal to an appeal.  *In re H.F.,* 120 Ohio St.3d 499, 2008-

Ohio-6810, ¶ 17, citing *State ex rel. Pendell v. Adams Cty. Bd. of Elections*, 40 Ohio St.3d 58, 60 (1988).

{¶4} "Subject to the provisions of App.R. 4(A)(3), a party who wishes to appeal from an order that is final upon its entry shall file the notice of appeal required by App.R. 3 within 30 days of that entry." *See* App.R. 4(A)(1). Civ.R. 58(B) directs the clerk of courts to serve the parties with notice of the entry within three days of entering the judgment upon the journal. If Civ.R. 58(B) service does not occur within three days, the time to appeal does not begin to run until service is made and noted in the appearance docket. *Coles v. Lawyers Title Ins. Corp.*, 163 Ohio App.3d 659, 664, 2005-Ohio-5360.

{¶5} Here, the record shows the trial court issued its entry on March 30, 2018. On that same date, the clerk of courts noted on the appearance docket that copies of that order were mailed to the parties. Since service was made on appellant within the three-day period required in Civ.R. 58(B), the thirty-day period began to run on the date of entry of judgment, i.e. March 30, 2018. The deadline for appellant to file his appeal was April 30, 2018, which was not a holiday or a weekend. Thus, appellant's May 1, 2018 notice of appeal was untimely filed.

{¶6} This court is not empowered to extend the time deadline in civil cases. *Pendell*, *supra*, at 60; *see also* App.R. 14(B).

{¶7} Based upon the foregoing, appellees' motion to dismiss is granted, and this appeal is hereby dismissed pursuant to App.R. 4(A)(1).


DIANE V. GRENDELL, J.,

TIMOTHY P. CANNON, J.,

concur.

2