[Cite as *Smith v. Smith*, 2018-Ohio-4176.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| IN THE MATTER OF THE | : | **MEMORANDUM OPINION** |
| DISSOLUTION OF THE MARRIAGE OF: | | |
| | : | |
| | | **CASE NO. 2018-P-0065** |
| NATHAN M. SMITH AND | : | |
| KELLY M. SMITH, n.k.a. KELLY M. | | |
| CHRISTEAN | : | |

Civil Appeal from the Court of Common Pleas, Domestic Relations Division, Case No. 2008 DR 00274.

Judgment: Appeal dismissed.

*Robert E. Rosenberg* and *Michael D. Dailey*, Rosenberg & Associates, 533 East Main Street, Ravenna, OH 44266 (For Appellee, Nathan M. Smith).

*Mary E. Randazzo*, 6555 Dean Memorial Parkway, Boston Heights, OH, 44236 (For Appellant, Kelly M. Smith, n.k.a. Kelly M. Christean).

DIANE V. GRENDELL, J.

{¶1} Appellant, Kelly M. Smith, n.k.a. Kelly M. Christean, through counsel, filed an appeal from an entry of the Portage County Court of Common Pleas, Domestic Relations Division.

{¶2} On September 5, 2018, appellee filed a motion to dismiss the appeal as untimely. Appellee explains that pursuant to Civ.R. 5(B), appellant's attorney was properly served with a copy of the entry by facsimile on July 30, 2018. On September 11, 2018, appellant filed a "Motion to Determine Appeal Timely Filed," and appellee opposed. Appellant alleges that "[s]ending notice of judgment by facsimile fails to

properly serve notice of judgment." In his opposition, appellee argues that proof of service was noted on the appearance docket pursuant to Civ.R. 58(B).

{¶3} Civ.R. 5(B)(2)(f) provides that a document is served by "sending it by electronic means to a facsimile number or e-mail address provided * * * by the attorney or party to be served, in which event service is complete upon transmission * * *."

{¶4} App.R. 3(A) expressly states that the only jurisdictional requirement for filing a valid appeal is to file it within the time allowed by App.R. 4. The Supreme Court of Ohio has held that the failure to comply with the time requirements of App.R. 4(A) is a jurisdictional defect, which is fatal to an appeal. *In re H.F.*, 120 Ohio St.3d 499, 2008-Ohio-6810, ¶ 17, citing *State ex rel. Pendell v. Adams Cty. Bd. of Elections*, 40 Ohio St.3d 58, 60 (1988).

{¶5} "Subject to the provisions of App.R. 4(A)(3), a party who wishes to appeal from an order that is final upon its entry shall file the notice of appeal required by App.R. 3 within 30 days of that entry." *See* App.R. 4(A)(1). Civ.R. 58(B) directs the clerk of courts to serve the parties with notice of the entry, in a manner prescribed by Civ.R. 5(B), within three days of entering the judgment upon the journal. If Civ.R. 58(B) service does not occur within three days, the time to appeal does not begin to run until service is made and noted in the appearance docket. *Coles v. Lawyers Title Ins. Corp.*, 163 Ohio App.3d 659, 664, 2005-Ohio-5360.

{¶6} Here, the record shows that the trial court issued its entry on July 27, 2018. In that entry, the trial court directed the clerk to "serve upon all parties notice of [the] Judgment Entry and its date of entry upon the journal in accordance with Civ.R. 5(B), in the manner provided in Civ.R. 58(B)." The clerk of courts noted on the

2

appearance docket on July 30, 2018 that "NOTICE UNDER RULE 58 ISSUED TO ATTYS/PARTIES BY REGULAR MAIL OR FACSIMILE OR EMAIL." The appearance docket also shows on July 30, 2018, a "PROOF OF FAX FILED FOR ROBERT EVAN ROSENBERG * * *" and a "PROOF OF FAX FILED FOR MARY E RANDAZZO * * *."

{¶7}   Since service was made on appellant within the three-day period required in Civ.R. 58(B), the thirty-day period began to run on the date of entry of judgment, i.e. July 27, 2018. The deadline for appellant to file her appeal was August 27, 2018, which was not a holiday or a weekend. Thus, appellant's August 29, 2018 notice of appeal was untimely filed.

{¶8}   This court is not empowered to extend the time deadline for filing an appeal in civil cases. *Pendell*, *supra*, at 60; *see also* App.R. 14(B).

{¶9}   Based upon the foregoing, appellee's motion to dismiss is granted, and this appeal is hereby dismissed pursuant to App.R. 4(A)(1).


TIMOTHY P. CANNON, J.,

COLLEEN MARY O'TOOLE, J.,

concur.

3