[Cite as *Carter-Jones Co. v. MCM Home Builders, L.L.C.*, 2020-Ohio-1078.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| THE CARTER-JONES LUMBER CO., | : | **MEMORANDUM OPINION** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2020-P-0013** |
| MCM HOME BUILDERS, LLC, et al., | : | |
| Defendant-Appellant. | : | |

Civil Appeal from the Court of Common Pleas, Case No. 2017 CV 00232.

Judgment: Appeal dismissed.

*Todd Allan Harpst* and *Nicholas J. Horrigan*, Harpst Becker LLC, 1559 Corporate Woods Parkway, Suite 250, Uniontown, OH 44685 (For Plaintiff-Appellee).

*Richard Todd Ricketts* and *Andrew Casey Clark*, Ricketts & Clark Co., LPA, 50 Hill Road South, Pickerington, OH 43147 (For Defendant-Appellant).

MATT LYNCH, J.

{¶1}   Appellant, MCM Home Builders, LLC, through counsel, filed an appeal on February 21, 2020, from a Portage County Court of Common Pleas entry.

{¶2}   App.R. 3(A) expressly states that the only jurisdictional requirement for filing a valid appeal is to file it within the time allowed by App.R. 4. The Supreme Court has held that the failure to comply with the time requirements of App.R. 4(A) is a jurisdictional defect, which is fatal to an appeal. *In re H.F.*, 120 Ohio St.3d 499, 2008-Ohio-6810, ¶ 17, citing *State ex rel. Pendell v. Adams Cty. Bd. of Elections*, 40 Ohio St.3d 58, 60 (1988).

{¶3} "Subject to the provisions of App.R. 4(A)(3), a party who wishes to appeal from an order that is final upon its entry shall file the notice of appeal required by App.R. 3 within 30 days of that entry." *See* App.R. 4(A)(1). Civ.R. 58(B) directs the clerk of courts to serve the parties with notice of the entry within three days of entering the judgment upon the journal. If Civ.R. 58(B) service does not occur within three days, the time to appeal does not begin to run until service is made and noted in the appearance docket. *Coles v. Lawyers Title Ins. Corp.,* 163 Ohio App.3d 659, 664, 2005-Ohio-5360.

{¶4} Here, the record shows the trial court issued its entry on January 21, 2020. The clerk of courts noted on the appearance docket that copies were issued to the parties on January 22, 2020. Since appellant was served within the three-day period required in Civ.R. 58(B), the thirty-day period began to run on the date of entry of judgment, i.e. January 21, 2020. The deadline for appellant to file its notice of appeal was February 20, 2020, which was not a holiday or a weekend. Thus, appellant's February 21, 2020 appeal was untimely filed.

{¶5} This court is not empowered to extend the time deadline in civil cases. *Pendell, supra,* at 60; *see also* App.R. 14(B).

{¶6} Based upon the foregoing, this appeal is hereby sua sponte dismissed pursuant to App.R. 4(A)(1).

TIMOTHY P. CANNON, P.J.,

CYNTHIA WESTCOTT RICE, J.,

concur.

2