[Cite as *U.S. Bank Trust, N.A. v. Heinz*, 2020-Ohio-1448.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF9 MASTER PARTICIPATION TRUST, | : | **MEMORANDUM OPINION** |
| | : | |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2020-P-0030** |
| | : | |
| JOANNE B. HEINZ (DECEASED), | : | |
| Defendant, | : | |
| TIMOTHY J. HEINZ, et al., | : | |
| Defendant-Appellant. | : | |

Civil Appeal from the Court of Common Pleas, Case No. 2014 CV 00409.

Judgment: Appeal dismissed.

*Brian E. Chapman*, Reisenfeld & Associates, LPA, LLC, 3962 Red Bank Road, Cincinnati, OH 45227 (For Plaintiff-Appellee).

*Timothy J. Heinz*, pro se, 6944 State Route 14, Ravenna, OH 44266 (Defendant-Appellant).

CYNTHIA WESTCOTT RICE, J.

{¶1} On March 12, 2020, appellant, Timothy J. Heinz, filed a pro se appeal from a Portage County Court of Common Pleas entry.

{¶2} On March 17, 2020, appellee, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, moved to dismiss the appeal as untimely. On March 24, 2020, Mr. Heinz opposed the motion indicating there are exceptions to the timeliness of an appeal.

{¶3} App.R. 3(A) expressly states that the only jurisdictional requirement for filing a valid appeal is to file it within the time allowed by App.R. 4. The Supreme Court has held

that the failure to comply with the time requirements of App.R. 4(A) is a jurisdictional defect, which is fatal to an appeal. *In re H.F.*, 120 Ohio St.3d 499, 2008-Ohio-6810, ¶ 17, citing *State ex rel. Pendell v. Adams Cty. Bd. of Elections*, 40 Ohio St.3d 58, 60 (1988).

{¶4} "Subject to the provisions of App.R. 4(A)(3), a party who wishes to appeal from an order that is final upon its entry shall file the notice of appeal required by App.R. 3 within 30 days of that entry." *See* App.R. 4(A)(1). Civ.R. 58(B) directs the clerk of courts to serve the parties with notice of the entry within three days of entering the judgment upon the journal. If Civ.R. 58(B) service does not occur within three days, the time to appeal does not begin to run until service is made and noted in the appearance docket. *Coles v. Lawyers Title Ins. Corp.*, 163 Ohio App.3d 659, 664, 2005-Ohio-5360.

{¶5} Here, the record shows the trial court issued its entry on November 12, 2019. The clerk of courts noted on the appearance docket that copies were issued to the parties on November 13, 2019. Since Mr. Heinz was served within the three-day period required by Civ.R. 58(B), the thirty-day period began to run on the date of entry of judgment, i.e. November 12, 2019. The deadline for him to file his appeal was December 12, 2019, which was not a holiday or a weekend. Thus, appellant's March 12, 2020 appeal was untimely.

{¶6} This court is not empowered to extend the time deadline in civil cases. *Pendell*, *supra*, at 60; *see also* App.R. 14(B).

{¶7} Based upon the foregoing, appellee's motion to dismiss is hereby granted and this appeal is dismissed pursuant to App.R. 4(A)(1).


MARY JANE TRAPP, J., concurs,

THOMAS R. WRIGHT, J., concurs in judgment only.