[Cite as *Rinaldi v. All Pro Vinyl Graphic Installs, L.L.C.*, 2021-Ohio-4265.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

| | |
|---|---|
| ANDREW R. RINALDI, | CASE NO. 2021-P-0106 |
| Appellant, | |
| - v - | Administrative Appeal from the Court of Common Pleas |
| ALL PRO VINYL GRAPHIC INSTALLS, LLC, et al., | Trial Court No. 2021 CV 00020 |
| Appellees. | |

**M E M O R A N D U M**
**O P I N I O N**

Decided: December 6, 2021
Judgment: Appeal dismissed

*James D. Falvey,* Nager, Romaine & Schneiberg Co., LPA, 27730 Euclid Avenue, Cleveland, OH 44132 (For Appellant).

*Dave Yost*, Ohio Attorney General, State Office Tower, 30 East Broad Street, 16th Floor, Columbus, OH 43215, and *Drew Smith*, Assistant Attorney General, State Office Building, 615 West Superior Avenue, 11th Floor, Cleveland, OH 44113 (For Appellees).

CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, Andrew R. Rinaldi, through counsel, filed an appeal on October 4, 2021, from a Portage County Court of Common Pleas entry.

{¶2} App.R. 3(A) expressly states that the only jurisdictional requirement for filing a valid appeal is to file it within the time allowed by App.R. 4. The Supreme Court has held that the failure to comply with the time requirements of App.R. 4(A) is a jurisdictional

defect, which is fatal to an appeal. *In re H.F.*, 120 Ohio St.3d 499, 2008-Ohio-6810, ¶ 17, citing *State ex rel. Pendell v. Adams Cty. Bd. of Elections*, 40 Ohio St.3d 58, 60 (1988).

{¶3} "Subject to the provisions of App.R. 4(A)(3), a party who wishes to appeal from an order that is final upon its entry shall file the notice of appeal required by App.R. 3 within 30 days of that entry." *See* App.R. 4(A)(1). Civ.R. 58(B) directs the clerk of courts to serve the parties with notice of the entry within three days of entering the judgment upon the journal. If Civ.R. 58(B) service does not occur within three days, the time to appeal does not begin to run until service is made and noted in the appearance docket. *Coles v. Lawyers Title Ins. Corp.*, 163 Ohio App.3d 659, 664, 2005-Ohio-5360.

{¶4} Here, the record shows the trial court issued its entry on August 31, 2021. The clerk of courts noted on the appearance docket that notice of the entry under Civ.R. 58(B) was issued to the parties on September 1, 2021. Since appellant was served within the three-day period required in Civ.R. 58(B), the thirty-day period began to run on the date of entry of judgment i.e., August 31, 2021. The deadline for appellant to file his notice of appeal was September 30, 2021, which was not a holiday or a weekend. Thus, appellant's October 4, 2021 appeal was untimely filed.

{¶5} This court is not empowered to extend the time deadline in **civil** cases. *Pendell, supra*, at 60; *see also* App.R. 14(B).

{¶6} Based upon the foregoing, this appeal is hereby sua sponte dismissed pursuant to App.R. 4(A)(1).

MARY JANE TRAPP, P.J.,
JOHN J. EKLUND, J.,
concur.

2

Case No. 2021-P-0106