[Cite as *Ruiz v. Musa*, 2022-Ohio-335.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

| | |
|---|---|
| CHELSEA K. RUIZ, | **CASE NO. 2022-L-003** |
| Plaintiff-Appellant, | |
| - v - | Civil Appeal from the Court of Common Pleas, Domestic Relations Division |
| DANIEL MUSA, | |
| Defendant-Appellee. | Trial Court No. 2013 DR 000189 |

# <u>M E M O R A N D U M</u>
# <u>O P I N I O N</u>

Decided: February 7, 2022
Judgment: Appeal dismissed

*Cory R. Hinton*, Hanahan & Hinton, LLC, 8570 Mentor Avenue, Mentor, OH  44060 (For Plaintiff-Appellant).

*Jon D. Axelrod*, Axelrod Law Office, 7976 Tyler Boulevard, Mentor, OH  44060 (For Defendant-Appellee).

*Denise Cook*, 154 East Aurora Road, PMB #231, Northfield, OH  44067 (Guardian Ad Litem).

MARY JANE TRAPP, J.

{¶1}   Appellant, Chelsea K. Ruiz, through counsel, filed an appeal on January 7, 2022, from a Lake County Court of Common Pleas, Domestic Relations Division, entry.

{¶2}   App.R. 3(A) expressly states that the only jurisdictional requirement for filing a valid appeal is to file it within the time allowed by App.R. 4.  The Supreme Court has held that the failure to comply with the time requirements of App.R. 4(A) is a jurisdictional

defect, which is fatal to an appeal. *In re H.F.*, 120 Ohio St.3d 499, 2008-Ohio-6810, ¶ 17, citing *State ex rel. Pendell v. Adams Cty. Bd. of Elections*, 40 Ohio St.3d 58, 60 (1988).

{¶3} "Subject to the provisions of App.R. 4(A)(3), a party who wishes to appeal from an order that is final upon its entry shall file the notice of appeal required by App.R. 3 within 30 days of that entry." *See* App.R. 4(A)(1). Civ.R. 58(B) directs the clerk of courts to serve the parties with notice of the entry within three days of entering the judgment upon the journal. If Civ.R. 58(B) service does not occur within three days, the time to appeal does not begin to run until service is made and noted in the appearance docket. *Coles v. Lawyers Title Ins. Corp.*, 163 Ohio App.3d 659, 664, 2005-Ohio-5360.

{¶4} Here, the record shows the trial court issued its entry on December 7, 2021. The clerk of courts noted on the appearance docket that notice of the entry under Civ.R. 58(B) was issued to the parties on December 10, 2021. Since appellant was served within the three-day period required in Civ.R. 58(B), the thirty-day period began to run on the date of entry of judgment i.e., December 7, 2021. The deadline for appellant to file his notice of appeal was January 6, 2022, which was not a holiday or a weekend. Thus, appellant's January 7, 2022 appeal was untimely filed.

{¶5} This court is not empowered to extend the time deadline in civil cases. *Pendell*, *supra* at 60; *see also* App.R. 14(B).

{¶6} Based upon the foregoing, this appeal is hereby sua sponte dismissed pursuant to App.R. 4(A)(1).

MATT LYNCH, J.,
JOHN J. EKLUND, J.,
concur.

2

Case No. 2022-L-003