[Cite as *Amato v. Brady*, 2022-Ohio-1723.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

| | |
|---|---|
| JAMES A. AMATO, TRUSTEE, | CASE NO. 2022-L-015 |
| Plaintiff-Appellee, | Civil Appeal from the Court of Common Pleas |
| - v - | |
| SPENCER BRADY, | Trial Court No. 2021 JL 003335 |
| Defendant-Appellant. | |

## M E M O R A N D U M
## O P I N I O N

Decided: May 23, 2022
Judgment: Appeal dismissed

*David D. Briller*, David D. Briller Co., L.P.A., 7379 Pearl Road, Suite 4, Middleburg Heights, OH 44130 (For Plaintiff-Appellee).

*Spencer Brady*, pro se, 802 East 305th Street, Willowick, OH 44095 (Defendant-Appellant).

THOMAS R. WRIGHT, P.J.

{¶1} On March 2, 2022, appellant, Spencer Brady, filed a pro se appeal from the Lake County Court of Common Pleas July 20, 2021 entry. Appellee, James A. Amato filed a motion to dismiss the appeal as untimely. Appellant filed no opposition to the motion to dismiss.

{¶2} App.R. 3(A) expressly states that the only jurisdictional requirement for filing a valid appeal is to file it within the time allowed by App.R. 4. The Supreme Court has held that the failure to comply with the time requirements of App.R. 4(A) is a jurisdictional

defect, which is fatal to an appeal.  *In re H.F.*, 120 Ohio St.3d 499, 2008-Ohio-6810, ¶ 17, citing *State ex rel. Pendell v. Adams Cty. Bd. of Elections*, 40 Ohio St.3d 58, 60 (1988).

{¶3} "Subject to the provisions of App.R. 4(A)(3), a party who wishes to appeal from an order that is final upon its entry shall file the notice of appeal required by App.R. 3 within 30 days of that entry."  *See* App.R. 4(A)(1).  Civ.R. 58(B) directs the clerk of courts to serve the parties with notice of the entry within three days of entering the judgment upon the journal. If Civ.R. 58(B) service does not occur within three days, the time to appeal does not begin to run until service is made and noted in the appearance docket. *Coles v. Lawyers Title Ins. Corp.*, 163 Ohio App.3d 659, 664, 2005-Ohio-5360.

{¶4} Here, the trial court issued its entry on July 20, 2021.  The clerk of courts noted on the appearance docket that notice of the entry under Civ.R. 58(B) was issued to the parties on that same date.  Therefore, pursuant Civ.R. 58(B), the time to appeal began to run from July 20, 2021.  The deadline for appellant to file his notice of appeal was August 19, 2021, which was not a holiday or a weekend.  Thus, appellant's March 2, 2022 appeal was untimely filed by over six months.

{¶5} This court may not extend the time to appeal in civil cases.  *Pendell, supra* at 60; *see also* App.R. 14(B).

{¶6} Based upon the foregoing, appellee's motion to dismiss is hereby granted. This appeal is dismissed pursuant to App.R. 4(A)(1).


MATT LYNCH, J.,

JOHN J. EKLUND, J.,

concur.

2

Case No. 2022-L-015