[Cite as *McGilton v. McGilton*, 2024-Ohio-219.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

| | |
|---|---|
| AMBER D. MCGILTON, | **CASE NO. 2023-P-0098** |
| Petitioner-Appellee, | |
| - vs - | Civil Appeal from the Court of Common Pleas, Domestic Relations Division |
| BRENT L. MCGILTON, | |
| Respondent-Appellant. | Trial Court No. 2023 DR 00642 |

## MEMORANDUM OPINION

Decided: January 22, 2024
Judgment: Appeal dismissed

*Laura A. Luka*, Luka Brown, LLP, P.O. Box 2729, Toledo, OH 43606 (For Petitioner-Appellee).

*Brent L. McGilton*, pro se, PID# 3484799, Ohio County Correctional Center, 1501 Eoff Street, Wheeling, WV 26003 (Respondent-Appellant).

ROBERT J. PATTON, J.

{¶1} On December 6, 2023, appellant, Brent L. McGilton, filed a pro se appeal from a November 3, 2023 entry.

{¶2} App.R. 3(A) expressly states that the only jurisdictional requirement for filing a valid appeal is to file it within the time allowed by App.R. 4. The Supreme Court has held that the failure to comply with the time requirements of App.R. 4(A) is a jurisdictional defect, which is fatal to an appeal. *In re H.F.*, 120 Ohio St.3d 499, 2008-Ohio-6810, ¶ 17, citing *State ex rel. Pendell v. Adams Cty. Bd. of Elections*, 40 Ohio St.3d 58, 60 (1988).

{¶3} "Subject to the provisions of App.R. 4(A)(3), a party who wishes to appeal from an order that is final upon its entry shall file the notice of appeal required by App.R. 3 within 30 days of that entry." *See* App.R. 4(A)(1). Civ.R. 58(B) directs the clerk of courts to serve the parties with notice of the entry within three days of entering the judgment upon the journal. If Civ.R. 58(B) service does not occur within three days, the time to appeal does not begin to run until service is made and noted in the appearance docket. *Coles v. Lawyers Title Ins. Corp.*, 163 Ohio App.3d 659, 664, 2005-Ohio-5360.

{¶4} Here, the trial court issued its entry on November 3, 2023. The clerk of courts noted on the appearance docket that notice of the entry under Civ.R. 58(B) was issued to the parties on that same date. Therefore, pursuant Civ.R. 58(B), the time to appeal began to run from November 3, 2023. The deadline for appellant to file his notice of appeal was December 4, 2023, which was not a holiday or a weekend. Thus, appellant's December 6, 2023 notice of appeal was untimely filed by 2 days.

{¶5} This court is not empowered to extend the time deadline in civil cases. *Pendell*, *supra* at 60; *see also* App.R. 14(B).

{¶6} Based upon the foregoing, this appeal is dismissed as untimely pursuant to App.R. 4(A)(1).

EUGENE A. LUCCI, P.J.,

MATT LYNCH, J.,

concur.

2

Case No. 2023-P-0098