[Cite as *In re Jackson*, 2024-Ohio-1525.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

IN THE MATTER OF:

THE GUARDIANSHIP OF
MCCALTER JACKSON, JR.

CASE NO. 2024-T-0026

Civil Appeal from the
Court of Common Pleas,
Probate Division

Trial Court No. 2013 GDP 0084

### M E M O R A N D U M
### O P I N I O N

Decided: April 22, 2024
Judgment: Appeal dismissed

*Christopher R. Patrick*, Roth, Blair, Roberts, Strasfeld & Lodge*,* 100 East Federal Street, Suite 600, Youngstown, OH 44503 (For Appellant).

*Charles A.J. Strader*, Attorney Charles Strader, LLC, 175 Franklin Street, S.E., Warren, OH 44481 (For Appellee, Stephanie J. Moss-Jackson).

*Joshua M. Garris*, 1371 Church Street, Mineral Ridge, OH 44440 (Appellee).

ROBERT J. PATTON, J.

{¶1} On March 15, 2024, appellant, Brenda Kimble, through counsel, filed an appeal from a February 12, 2024 judgment entry.

{¶2} App.R. 3(A) expressly states that the only jurisdictional requirement for filing a valid appeal is to file it within the time allowed by App.R. 4. The Supreme Court has held that the failure to comply with the time requirements of App.R. 4(A) is a jurisdictional

defect, which is fatal to an appeal. *In re H.F.*, 120 Ohio St.3d 499, 2008-Ohio-6810, ¶ 17, citing *State ex rel. Pendell v. Adams Cty. Bd. of Elections*, 40 Ohio St.3d 58, 60 (1988).

{¶3} "Subject to the provisions of App.R. 4(A)(3), a party who wishes to appeal from an order that is final upon its entry shall file the notice of appeal required by App.R. 3 within 30 days of that entry." *See* App.R. 4(A)(1). Civ.R. 58(B) directs the clerk of courts to serve the parties with notice of the entry within three days of entering the judgment upon the journal. If Civ.R. 58(B) service does not occur within three days, the time to appeal does not begin to run until service is made and noted in the appearance docket. *Coles v. Lawyers Title Ins. Corp.*, 163 Ohio App.3d 659, 664, 2005-Ohio-5360.

{¶4} Here, the trial court issued its entry on February 12, 2024. The clerk of courts noted on the appearance docket that notice of the entry under Civ.R. 58(B) was issued to the parties on that same date. Therefore, pursuant Civ.R. 58(B), the time to appeal began to run from February 12, 2024. The deadline for appellant to file her notice of appeal was March 13, 2024, which was not a holiday or a weekend. Thus, appellant's notice of appeal was untimely filed by 2 days.

{¶5} This court is not empowered to extend the time deadline in civil cases. *Pendell*, *supra* at 60; *see also* App.R. 14(B).

{¶6} Based upon the foregoing, this appeal is dismissed, sua sponte, as untimely pursuant to App.R. 4(A)(1).


MARY JANE TRAPP, J.,

MATT LYNCH, J.,

concur.