[Cite as *In re M.E.B.*, 2025-Ohio-512.]

# IN THE COURT OF APPEALS OF OHIO
# ELEVENTH APPELLATE DISTRICT
# TRUMBULL COUNTY

IN THE MATTER OF:

M.E.B.

CASE NO. 2025-T-0003

Civil Appeal from the
Court of Common Pleas,
Probate Division

Trial Court No. 2024 MSA 0019

## MEMORANDUM OPINION

Decided: February 18, 2025
Judgment: Appeal dismissed

*Bradley A. Somogyi*, Kisling, Nestico & Redick, LLC*, 3412 West Market Street, Fairlawn, OH  44333 (For Appellant).

EUGENE A. LUCCI, J.

{¶1}    On January 24, 2025, appellant, through counsel, filed an appeal from a December 13, 2024 entry.

{¶2}    App.R. 3(A) expressly states that the only jurisdictional requirement for filing a valid appeal is to file it within the time allowed by App.R. 4.  The Supreme Court has held that the failure to comply with the time requirements of App.R. 4(A) is a jurisdictional defect, which is fatal to an appeal.  *See Robin Mobile Home Parks v. Willett*, 2024-Ohio-5651, ¶ 2 (11th Dist.).

{¶3}    "Subject to the provisions of App.R. 4(A)(3), a party who wishes to appeal from an order that is final upon its entry shall file the notice of appeal required by App.R.

3 within 30 days of that entry." *See* App.R. 4(A)(1). Civ.R. 58(B) directs the clerk of courts to serve the parties with notice of the entry within three days of entering the judgment upon the journal. If Civ.R. 58(B) service does not occur within three days, the time to appeal does not begin to run until service is made and noted on the appearance docket. *Coles v. Lawyers Title Ins. Corp.*, 163 Ohio App.3d 659 (11th Dist. 2005).

{¶4}  In the instant matter, the trial court issued its entry on December 13, 2024. The clerk of courts noted on the appearance docket that notice of the entry was issued to the parties on that same date. Therefore, pursuant Civ.R. 58(B), the time to appeal began to run from December 13, 2024. The deadline for appellant to file his notice of appeal was January 13, 2024, which was not a holiday or a weekend. Thus, appellant's January 24, 2025 notice of appeal was untimely filed by 11 days.

{¶5}  This court is not empowered to extend the time deadline in **civil** cases. *State ex rel. Pendell v. Adams Cty. Bd. of Elections,* 40 Ohio St.3d 58, 60 (1988); *see also* App.R. 14(B).

{¶6}  Based upon the foregoing, this appeal is dismissed as untimely filed pursuant to App.R. 4(A)(1).

ROBERT J. PATTON, P.J.,

JOHN J. EKLUND, J.,

concur.

2

Case No. 2025-T-0003